UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
DAVID T. SILVA,
GERROD T. SMITH, and
JONATHAN K. SMITH,
Members of the Shinnecock Indian Nation,

                      Plaintiffs,              Case No.:  18-cv-3648    (   ) (   )

   - against -                                       **COMPLAINT**

BRIAN FARRISH,
JAMIE GREENWOOD,
EVAN LACZI,
BASIL SEGGOS,
NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,
and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                      Defendants.
-------------------------------------------------------x

Plaintiffs, Shinnecock Indian Nation members, DAVID T. SILVA, GERROD T. SMITH, and JONATHAN K. SMITH, by and through their attorneys, MOORE INTERNATIONAL LAW PLLC, as and for their Complaint, allege as follows:

### *NATURE OF THE ACTION*

1)  This is a suit by the above named Plaintiffs who are all on-Reservation members of the Shinnecock Indian Nation, seeking a declaratory judgment and preliminary and permanent injunctive relief against the above named Defendants, arising from a pattern of criminal prosecutions by the Defendants against the Plaintiffs in excess of New York State jurisdiction and interfering with Plaintiffs' un-relinquished aboriginal and retained rights to fish in the waters of Shinnecock Bay and its estuary adjacent to the lands of the Shinnecock Indian Reservation,

and for monetary damages arising out of a continuing pattern and practice of illegal racial discrimination.

## THE PARTIES

2)     Plaintiff, David T. Silva, ("Silva"), is an enrolled member of the Shinnecock Indian Nation, a federally recognized Indian Tribe, and resides on the Shinnecock Indian Reservation, located within the territorial limits of Suffolk County, State of New York.

3)     Plaintiff, Gerrod T. Smith, ("Gerrod Smith"), is an enrolled member of the Shinnecock Indian Nation, a federally recognized Indian Tribe, and resides on the Shinnecock Indian Reservation, located within the territorial limits of Suffolk County, State of New York.

4)     Plaintiff, Jonathan K. Smith, ("Jonathan Smith"), is an enrolled member of the Shinnecock Indian Nation, a federally recognized Indian Tribe, and resides on the Shinnecock Indian Reservation, located within the territorial limits of Suffolk County, State of New York.

5)     Defendant, Brian Farrish, ("Farrish"), is employed as a Conservation Officer by the New York State Department of Conservation and is sued in his personal and official capacities.

6)     Defendant, Jamie Greenwood, ("Greenwood"), is employed as an Assistant District Attorney by the Suffolk County District Attorney's Office and is sued in her personal and official capacities.

7)     Defendant, Evan Laczi, ("Laczi"), is employed as a Conservation Officer by the New York State Department of Conservation and is sued in his personal and official capacities.

8)     Defendant, Basil Seggos, ("Seggos"), is the Commissioner of the New York State Department of Environmental Conservation and is sued in his personal and official capacities.

9) Defendant, New York State Department of Environmental Conservation, ("DEC"), is a regulatory and law enforcement agency for environmental issues of the State of New York.

10) Defendant, the Suffolk County District Attorney's Office ("the DA") is the prosecutor's office of and for Suffolk County, State of New York.

## *JURISDICTION AND VENUE*

11) This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12) Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## *FACTUAL BACKGROUND*

13) The Shinnecock and other seafaring native peoples of eastern Long Island have fished in the waters surrounding Long Island and other areas since time immemorial.

14) At all relevant times, Plaintiffs were and are enrolled members of the Shinnecock Indian Nation, a federally recognized Indian Tribe, ("the Shinnecock Nation"), reside on the Shinnecock Indian Reservation, have fished in the adjacent waters of Shinnecock Bay and its estuary, have been ticketed and prosecuted in New York State courts by the Defendants, and are deterred and chilled from exercising their rights to fish by the acts of the Defendants.

15) Colonial Deeds and related documents clearly support the right of the Shinnecock and other native peoples of eastern Long Island to fish in the waters adjacent to their communities without interference, to Wit:

    a) Department of State Book of Deeds, Unpublished documents, Office of the Secretary of State, Albany, New York, 2: 85-86. (New York State Archives. Series 453, vols. 1-9)

  b) Gardiner, David Lion, 1873 [1840] *Chronicles of East Hampton*, Sag Harbor, N.Y.: Isabel Gardiner Mairs, 3.

  c) *Documents Relative to the Colonial History of the State of New York,* ed. Edmund Bailey O'Callaghan and Berthold Fernow, 15 vols. Albany, N.Y.: Weed, Parsons, 1856-87, 14: 686, 692, 695, 718, 720.

  d) *Records of the Town of East Hampton,* ed. Joseph Osborne, 5 vols. Sag Harbor, N.Y. 1887, 1: 2-3, 1: 170-171.

  e) *Records of the Town of Southampton*, ed. William Pelletreau. 8 vols. Sag Harbor, N.Y. 1874-77, 1: 162, 167-68; 2: 354-55.

16) Over the last decade, the Defendants have ticketed, seized fish and fishing equipment, and prosecuted the Plaintiffs for alleged criminal offenses in alleged violation of New York State law involving fishing and raising shellfish in Shinnecock Bay and its estuary waters, which are adjacent to the lands of the Shinnecock Indian Reservation. Each of the prosecutions failed. Yet, the Defendants persist and continue to ticket and threaten prosecution. The Plaintiffs are in fear of exercising those same usual and customary aboriginal fishing rights secured and retained for them by their ancestors when Shinnecock territory was ceded to the English. Ironically Plaintiff Silva is presently scheduled to stand trial on August 30, 2018, in the Town of Southampton Justice Court, located in Hampton Bays, New York, the building itself sitting on ceded Shinnecock territory.

17) On January 28, 2009, in *People of the State of New York v. Salvatore J. Ruggiero*, Case No. 08-101350, Southampton Justice Court, Southampton, New York, after a bench trial and prosecution testimony by Farrish, that court found the Defendant, a non-Indian who was

4

fishing with Gerrod Smith, not guilty of possession of undersized flounder, undersized blackfish, and undersized porgy, for the Defendants' failure to prove jurisdiction.

18) On October 14, 2009, in *People v Gerrod T. Smith*, Case No. 08-101351, Southampton Justice Court, Southampton, New York, after removal to this federal court, three criminal counts of possession by Gerrod Smith of undersized flounder, blackfish, and porgy in Shinnecock Bay, were dismissed in the Justice Court.

19) On June 17, 2010, in *People v. Jonathan K. Smith*, Case No. 09-031419, Southampton Justice Court, Southampton, New York, after removal to this federal court and known as Case No. 09-0571 in the United States District Court for the Eastern District of New York, (Wexler, J.), a judgment of dismissal of criminal possession by Jonathan Smith of a shellfish farm in Shinnecock Bay without a license was entered for failure of the Defendants to prosecute.

20) Most recently on April 20, 2017, Silva was stopped by two DEC Officers, Laczi and Farrish, while Silva was fishing for elver eels in Shinnecock Bay. Silva's eels, net, and other fishing equipment were seized, and Silva was issued a criminal appearance ticket alleging possession of undersized eels in violation of New York State law, 6 NYCRR 40-1(b)(ii). Silva was later charged with two additional criminal offenses, ECL 13-0355 (no fish license), and 6 NYCRR 40-1(b)(iii) (possession of eels over limit). This case is presently lodged and pending in the Southampton Town Justice Court as Case No. 17-7008 and is being prosecuted by Greenwood. Silva's attempt to obtain a voluntary dismissal by Greenwood was unsuccessful, and Silva's motion to dismiss for lack of jurisdiction was denied by that court. Over Silva's objection, that case is presently scheduled for trial on August 30, 2018 at 9:00 am.

5

## *CAUSES OF ACTION*

### Count I

### *(Continuing Supremacy Clause Violations of Un-relinquished Aboriginal Usufructuary Fishing Rights Retained in Ceded Territory)*

21)     Plaintiffs repeat the previous paragraphs as if fully and completely restated herein.

22)     The Plaintiffs exercised their lawful rights to use waters, fish, take fish, and hold their fish clearly within an area of aboriginal usufructuary fishing rights un-relinquished and retained by Plaintiffs' ancestors in the aforementioned Colonial Deeds and related documents ceding Shinnecock territory, all protected under the Supremacy Clause, U.S. Const., Article VI, clause 2.

23)     The Defendants' repeated interference, seizures, and prosecution of the Plaintiffs by application of New York State fishing regulations violates Plaintiffs' fishing rights protected under the Supremacy Clause, was and is void, and was and is in excess of New York State jurisdiction.

### Count II

### *(Continuing Pattern of Illegal Racial Discrimination in Violation of 42 U.S.C. §§ 1981 and 1982 of the 1866 Civil Rights Act, as amended)*

24)     Plaintiffs repeat the foregoing paragraphs as if fully and completely restated herein.

25)     The Defendants' aforesaid acts against the Plaintiffs constitute a continuing pattern and practice of purposeful acts of discrimination based on their race as Native Americans in violation of Plaintiffs' civil rights to equal security of the laws and to exercise their lawful federally protected rights to use waters, fish, take fish, and hold their fish without interference, without seizure of person and property, and without prosecution by the Defendants.

## *PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiffs pray for the following relief:

**As to Count I:**

1) Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed.R.Civ.P. 65, the Plaintiffs request the Court to issue a declaratory judgment, and preliminary and permanent injunctive relief in favor of Plaintiffs and against the Defendants, enjoining the Defendants from enforcing the laws of the State of New York against Plaintiff Silva in Southampton Town Justice Court in Case No. 17-7008, and from otherwise interfering with Plaintiffs' use of the waters, fishing, taking fish, and holding fish and shellfish in Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters;

**As to Count II:**

2) The Plaintiffs demand a jury trial and a monetary award for actual and punitive damages in favor of Plaintiffs and against the Defendants, jointly and severally, in an amount to be determined at trial, including an amount of $102 million punitive damages to deter and punish the Defendants for blocking Plaintiffs' participation in the elver eel market during the 2017 and 2018 seasons, plus any future seasons during the pendency of this action, plus attorney fees and costs.

## *JURY DEMAND*

PLAINTIFFS demand a trial by jury on all issues so triable.

Dated: June 22, 2018
       New York, New York

                              MOORE INTERNATIONAL LAW PLLC.

                              /s/ Scott M. Moore
By: _____
                              Scott Michael Moore, Esq.
                              *Attorneys for Plaintiffs*
                          45 Rockefeller Plaza, 20th Floor
                            New York, New York 10111
                                  T. (212) 332-3474
                                  F. (212) 332-3475
                                  E. smm@milopc.com