# PLAINTIFFS' EXHIBIT 5

JUSTICE COURT: TOWN OF SOUTHAMPTON
COUNTY OF SUFFOLK: STATE OF NEW YORK
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

DAVID T. SILVA,
                             DEFENDANT
-----------------------------------------------------------------X

MEMORANDUM DECISION
& ORDER

BY: GARY J. WEBER, T. J.

DATE: JANUARY 9, 2017

DOCKET # 17-060545

JAMIE GREENWOOD, ESQ
Suffolk County District Attorney's Office
East End Bureau
32 Jackson Avenue
Hampton Bays, NY 11946

SCOTT M. MOORE, ESQ.
Attorney for Defendant
Moore International Law PLLC
45 Rockefeller Plaza, 20th Floor
New York, NY 10111

## BACKGROUND

This is an application brought on by counsel for the Defendant, David T. Silva, to dismiss pursuant to C.P.L. §170.30 and subsections 170.30. ( c ), (f) and (g) three E.C.L. violation complaints against the Defendant, David T. Silva.

These charges, all dated June 6, 2017 accuse the Defendant of the following:

1. [N.Y.C.R.R. 40-1(b)(iii)] Possession of Eels over Limit
2. [E. C. L. 13-0355] Fishing Without a license.
3. [N.Y.C.R.R. 40-1(b)(ii) Possession of Undersized Fish (Eels)

I have the following papers:

1. Defendant's Notice of Motion dated October 10, 2017.
2. Defendant's Motion papers & Exhibits dated October 10, 2017.
3. Affirmation in Opposition by Assistant District Attorney Jamie Greenwood, Esq. dated December 11, 2017.
4. Defendant's "Reply Facts" dated December 18, 2017.

The violation complaints allege that the Defendant set up an eel trap off Taylors Creek in the Town of Southampton and used it to catch 247 eels which were both undersized and in excess of the possessory limit (25).

Further, it is charged that the Defendant was engaged in commercial fishing with a "Next" (sic) without a food fish license.

## ANALYSIS

Defendant argues that the instant prosecution is barred by the doctrine of collateral estoppels principally because:

1. In a prior case, People v Ruggiero, Docket # 08-10130, Southampton Town Justice Deborah Kooperstein acquitted that defendant on the same or similar charges which are said to have been initiated by one of the same officers involved in the instant case, namely E.C.O. Brian Farrish.

2. That, since the Defendant in the instant matter is, concededly, a member of the Shinnecock Indian Tribe, he had the right to fish, without regulation by the State of New York, in the waters of the Shinnecock Indian Reservation in Shinnecock Bay.

3. That Justice Kooperstein's finding that the Ruggerio defendant was not proven to have been fishing in waters outside of the jurisdiction of the Shinnecock Reservation operates as a collateral estoppel to the instant prosecution.

## DECISION

For all of the historical data submitted by both sides, which the Court found interesting and informative, but not dispositive, the heart of this matter is that Justice Kooperstein only held in the Ruggerio case that the People has failed to "prove beyond a reasonable doubt that this defendant was fishing outside of the boundary of the Shinnecock Reservation". (Page 3 Judge Kooperstein Decision People v Ruggerio-Defendant's Exhibit 7).

Justice Kooperstein's decision was factually based upon a failure of the People's proof. It was not based upon the proposition that the area in question in the instant matter is or is not within the waters belonging to the Shinnecock Reservation or that a member of that Tribe may fish anywhere within the State without a constraint by New York State regulation.

It may well be that on the trial of the matter at least one of these issues, as has happened before, will be resolved in favor of the Defendant.

Of course, this need for factual determination(s) implicates a trial of these issues.

## ORDER & DECISION

The instant application by the Defendant to dismiss these information(s) pursuant to C.P.L. §170.30 is in all respects denied.

At the next conference date, counsel should be prepared to discuss a trial date.

Further, the Court would like clarification from each counsel as to their respective positions as to whether or not the Defendant, as a member of the Shinnecock Tribe must have a New York State fishing license to fish in non-tribal waters.

_____
Hon. Gary J. Weber
T. J.