# PLAINTIFFS' EXHIBIT 9

JUSTICE COURT: TOWN OF SOUTHAMPTON
COUNTY OF SUFFOLK: STATE OF NEW YORK
------------------------------------X
PEOPLE OF THE STATE OF NEW YORK     :
                                    :
        -against-                   :    Docket No. 08-101350
                                    :
                                    :    DECISION
SALVATORE J. RUGGIERO               :
                                    :
            Defendant               :
------------------------------------X

Defendant is charged with violating the following Sections of the Environmental Conservation Law of the State of New York (ECL) Section 40.1b1i, Possessing undersize blackfish; Section 40.1b1i, Possessing undersized flounder; and Section 40.1b1i, Possessing undersized porgy. The case was tried before the bench; the defendant represented himself.

The trial consisted of testimony from the arresting officer, two other officers who were present and the defendant.

The People's first witness was Lieutenant Joe Bilotto employed by the New York State Environmental Police for twenty-three years and the Supervisor of marine enforcement for Long Island. His testimony is as follows: On October 6, 2008, he was working the 8 AM to 4 PM shift on a Coast Guard boat when he received a call from Salvatore Ruggiero stating he had illegal fish, needed assistance and wanted to be arrested. He arrived at the vessel and both the defendant and Gerrod Smith were on board. They admitted having illegal fish on board and they showed him the catch. The fluke season ended on September 1; the scup season ended September 26; and the two blackfish on board were too small. He stated that Heady Creek is exempt and outside his jurisdiction because it's considered tribal land. He didn't issue the tickets. Officer Snowden issued the defendant these tickets. Under cross-examination, he said he remembered being asked by the defendant what the boundaries of the Shinnecock Reservation were. He thinks State waters go out three miles.

An arresting officer, Officer Brian Farrish of the New York State Environmental Police, testified that he has been employed by this New York State agency for four years. He further testified that on October 6, 2008, he was on a vessel responding to a call.

He observed the defendant and Gerrod Smith on board. Their vessel was approximately 1.77 miles northeast of Shinnecock Inlet and 4,000 feet from Heady Creek. The People entered a map of the coordinates into evidence to support this testimony (People's Exhibit 1). He issued three summonses to Gerrod Smith

Under cross-examination, Officer Farrish testified that he had been trained at the Academy that the Shinnecock Reservation is off limits to them. He also testified that he thinks this particular law, these ECL Sections, pertains to the Reservation.

The arresting officer, Officer Snowden, testified as follows: He has been employed by the New York State Enviromental Police for five years and is assigned to Monroe County. On October 6, 2007 he was assigned to Long Island. He received a complaint while he was at the Shinnecock Inlet that there were people with undersize fish. He boarded a vessel which had two passengers, defendant was one of them. He saw a basket filled with fish-summer flounder, fluke, porgies and black fish. Summer flounder season ended September 1; porgie season ended September 26; the two blackfish were undersized, under the minimum which is 14 inches.

Under cross-examination, he said he didn't recall who owned the vessel and wasn't sure if the defendant had caught all the fish. On re-direct, he stated that the summonses were written to both passengers because both are considered to be in possession under the theory of "community possession".

The defendant, Salvatore Ruggiero, testified as follows: He said he did nothing wrong, that he was a guest of Gerrod Smith, a friend and a Native American, who took him fishing. He also said the fish were not in his possession-they belonged to Gerrod Smith. He also stated that he has proved it's unclear where Native Americans can fish during this trial in his questioning of the ECL Officers.

Under cross-examination, he said that he went fishing with Gerrod Smith because he was under the impression that they were in Trbal territory

In this criminal matter, as in all criminal trials, the people must sustain the burden of proof pursuant to the mandate of Criminal Procedure Law (CPL) Section 70.20 which states:

Case 2:18-cv-03648-SJF-SIL   Document 3-9   Filed 06/22/18   Page 4 of 4 PageID #: 60

3.                                                          Docket No. 08-101350

"No conviction of an offense by verdict is valid unless based Upon trial evidence which is legally sufficient and which Establishes beyond a reasonable doubt every element of such offense and the defendant's commission thereof."

There were several discrepancies in the testimony presented by the People's witnesses regarding the water boundaries of the Shinnecock Reservation. The New York State Environmental Police are empowered to enforce fishing rules and regulations and their failure to have clarity with regard to the exact boundaries constituting tribal fishing territory cannot be ignored. In order to find this defendant guilty, the People were required to prove beyond a reasonable doubt that the illegal fishing occurred within the jurisdiction of the State of New York. The defendant succeeded in creating doubt that this defendant was fishing outside the boundary of the Shinnecock Reservation. It is the opinion of the Court that such a doubt created a presumption, not rebutted by the prosecution, that the laws of the State of New York may not be enforced. The Court of Appeals in Mulkins v. Snow stated "..no law runs on an Indian Reservation save the Indian Tribal Law and custom." Mulkins v. Snow, 232 N.Y. 47, 133 N.E.123 (1921).

Therefore, based on the testimony heard and the evidence submitted, the Court rules as follows. The People have failed to prove their case by the requisite standard of proof, beyond a reasonable doubt. The Court finds the defendant not guilty of violating Sections 40.1b1ii, 40.1b1i, and 40.b1i of the Environmental Conservation Law.

The matter is dismissed.

This is a final decision of the Court.
So ordered.

*[signature: Deborah Kooperstein]*

HON. DEBORAH KOOPERSTEIN
Town Justice

Dated: January 28, 2009
       Southampton, N.Y.