UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID T. SILVA, GERROD T. SMITH, and
JONATHAN K. SMITH, Members of the
Shinnecock Indian Nation,

                        Plaintiff,         CV18-3648 (SJF)(SIL)

           -against-

BRIAN FARRISH, JAMIE GREENWOOD,
EVAN LACZI, BASIL SEGGOS, NEW YORK
STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION, and
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                        Defendants.


**DEFENDANTS JAMIE GREENWOOD AND SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**


Dated: Hauppauge, New York
         July 20, 2018

RESPECTFULLY SUBMITTED,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788

BRIAN C. MITCHELL
Assistant County Attorney

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

POINT I

PLAINTIFF SILVA'S REQUEST FOR INJUNCTIVE RELIEF IS
BARRED BY THE YOUNGER ABSTENTION DOCTRINE .................................................... 2

POINT II

PLAINTIFFS LACK ARTICLE III STANDING TO MAINTAIN
A CLAIM FOR INJUNCTIVE RELIEF ....................................................................................... 7

POINT III

PLAINTIFFS CANNOT SEEK INJUNCTIVE RELIEF AGAINST
THE COUNTY RELATING TO THE CONDUCT OF THE DISTRICT ATTORNEY .......... 11

CONCLUSION ....................................................................................................................... 14

## TABLE OF AUTHORITIES

*Able v. United States*,
  44 F.3d 128 (2d Cir.1995) .................................................................................... 3

*Baez v. Hennessy*,
  853 F.2d 73 (2nd Cir. 1988) ........................................................................... 12, 13

*Caruso v. Zugibe*,
  646 F. App'x 101 (2d Cir. 2016) ......................................................................... 9

*Citigroup Global Mkts., Inc. v. Special Opportunities Master Fund Ltd.*,
  598 F.3d 30 (2d Cir.2010) ................................................................................ 2, 3

*City of Los Angeles v. Lyons*,
  461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ............................... 8, 9, 10

*Covino v. Patrissi*,
  967 F.2d 73 (2d Cir.1992) .................................................................................... 2

*Cullen v. Fliegner*,
  18 F.3d 96 (2d Cir.1994) ...................................................................................... 6

*Davis v. Lansing*,
  851 F.2d 72 (2d Cir.1988) .................................................................................... 4

*Deshawn E. by Charlotte E. v. Safir*,
  156 F.3d 340 (2d Cir.1998) .................................................................................. 8

*Diamond "D" Const. Corp. v. McGowan*,
  282 F.3d 191 (2d Cir. 2002) ................................................................................. 6

*Emigrant Sav. Bank v. Elam Mgmt. Corp.*,
  668 F.2d 671 (2d Cir. 1982) ............................................................................... 10

*Evans v. Hills*,
  537 F.2d 571 (2d Cir. 1975) ................................................................................ 8

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66, 133 S. Ct. 1523, 185 L.Ed. 2d 636 (2013) ..................................... 8

*Golden v. Zwickler*,
  394 U.S. 103, 89 S. Ct. 956, 22 L.Ed. 2d 113 (1969) ......................................... 9

*Gonzalez v. City of New York*,
  1999 WL 549016 (S.D.N.Y. July 28, 1999) ...................................................... 11

*Hansel v. Town Ct. for Town of Springfield, N.Y.*,
  56 F.3d 391 (2d Cir.1995) .................................................................................................. 4

*Hartford Courant Co. v. Pellegrino*,
  380 F.3d 83 (2d Cir.2004) .................................................................................................. 4

*Jacobs v. Port Neches Police Dept.*,
  915 F.Supp. 842 (E.D.Tex.1996) ..................................................................................... 11

*JSG Training Corp. v. Tray–Wrap, Inc.*,
  917 F.2d 75 (2d Cir.1990) .................................................................................................. 3

*Kirschner v. Klemons*,
  225 F.3d 227 (2d Cir.2000) ................................................................................................ 6

*Lary v. Rexall Sundown, Inc.*,
  74 F. Supp. 3d 540 (E.D.N.Y. 2015) .................................................................................. 8

*Liberty Mut. Ins. Co. v. Hurlbut*,
  585 F.3d 639 (2d Cir.2009) ................................................................................................ 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) .................................................... 8

*Martinez v. Pomodor*,
  2012 WL 6698733 (E.D.N.Y., 2012) ................................................................................. 3

*Martins v. Cty. of Nassau*,
  2016 WL 8711208 (E.D.N.Y. Apr. 29, 2016) .................................................................... 9

*Matter of Defend H20 v. Town Bd. of the Town of E. Hampton*,
  147 F. Supp. 3d 80 (E.D.N.Y. 2015) .................................................................................. 4

*McGinley v. Hines*,
  51 N.Y.2d 116 (1980) ...................................................................................................... 12

*New York v. Smith*,
  2009 WL 2390809 (E.D.N.Y. July 31, 2009) .................................................................. 10

*O'Shea v. Littleton*,
  414 U.S. 488, 94 S. Ct. 669, 38 L.Ed. 2d 674 (1974) ........................................................ 9

*Otoe–Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*,
  769 F.3d 105 (2d Cir.2014) ................................................................................................ 3

*People v. Patterson*,
  5 N.Y.3d 91 (2005) .................................................................................................... 10

*Shain v. Ellison*,
  356 F.3d 211 (2d Cir. 2004) .................................................................................. 9, 11

*Sheikh v. City of New York, Police Dep't*,
  2008 WL 5146645 (E.D.N.Y. Dec. 5, 2008) ............................................................. 12

*Steed v. Delohery,* No.,
  96 Civ. 2449, 1998 WL 440861 (S.D.N.Y. Aug. 4, 1998) ........................................ 11

*Van de Kamp v. Goldstein*,
  555 U.S. 335, 129 S.Ct 855 (2009) ............................................................................ 13

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ..................................................... 3

*Younger v. Harris,*
  401 U.S. 37 (1971) .................................................................................................. 3,6

*Zimmerman v. City of New York*,
  52 Misc.2d 797 (1966) ............................................................................................... 13

RULES

Fed. R. Civ. P. 65(a)(1) ................................................................................................ 2, 14

Fed.R.Civ.P. 17(b) ........................................................................................................... 11

# **PRELIMINARY STATEMENT**

Assistant District Attorney Jamie Greenwood and the Suffolk County District Attorney's Office (County Defendants), the defendants in this §1983 civil rights action, submit this memorandum of law in opposition to the plaintiffs motion for a preliminary injunction "enjoining the Defendants from enforcing the laws of the State of New York against Plaintiff Silva in the Southampton Town Justice Court in Case No. 17-7008, and from otherwise interfering with Plaintiffs' use of the waters, fishing, taking fish, and holding fish in Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters." For the foregoing reasons plaintiffs' motion should be denied in its entity.

On June 22, 2018, the plaintiffs David Silva, Gerrod Smith and Jonathan Smith filed the instant motion seeking an injunction against the New York State Department of Environmental Conservation (DEC), several DEC Officers, Suffolk County Assistant District Attorney Jamie Greenwood and the Suffolk County District Attorney's Office. (See DE # 2).[1] The plaintiffs seek a preliminary injunction "enjoining the Defendants from enforcing the laws of the State of New York against Plaintiff Silva in the Southampton Town Justice Court in Case No. 17-7008, and from otherwise interfering with Plaintiffs' use of the waters, fishing, taking fish, and holding fish in Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters." The only pending State criminal action is against plaintiff Silva. There are no pending State actions, criminal or civil, against plaintiff Gerrod Smith or Jonathan Smith.

---

[1] On the same date the plaintiffs filed a complaint seeking, *inter alia*, monetary damages against the State and County defendants. A motion to dismiss the complaint on the grounds of absolute prosecutorial immunity on behalf of ADA Greenwood and the Suffolk County District Attorney's Office will be filed separately by the County.

Plaintiffs essentially argue they are entitled to injunctive relief based upon a claim that they have the right to fish in certain off-reservation waters and as such the DEC does not have jurisdiction to cite them for violations of New York law.[2] In the underlying state criminal matter pending against defendant Silva, the District Attorney and the DEC disagree with this position, and assert that the waters where plaintiff Silva was catching eels are not part of the reservation, and are not protected by any agreements or treaties. The local Southampton Criminal Court is fully capable of resolving this factual dispute.

As explained below, plaintiffs' request for injunctive relief must be denied for several reasons. First, as Silva's state criminal matter is still ongoing, the Court must abstain from issuing an injunction under the *Younger* abstention doctrine. Additionally, as to all plaintiffs, the request must be denied as they have not established they face a real and immediate injury; and accordingly lack Article III standing to maintain a claim for injunctive relief.

### POINT I

### PLAINTIFF SILVA'S REQUEST FOR INJUNCTIVE RELIEF IS BARRED BY THE YOUNGER ABSTENTION DOCTRINE

Pursuant to Fed. R. Civ. P. 65(a)(1) a party seeking a preliminary injunction must show "(a) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief. *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir.1992); *see also Citigroup Global Mkts., Inc. v. Special Opportunities Master*

---

[2] The County defendants do not dispute that the Indians have a right to fish within the boundaries of the Shinnecock reservation.

2

*Fund Ltd.,* 598 F.3d 30, 35 (2d Cir.2010).  However, where "the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme" they must show that they are likely to succeed on the merits of their claims. *Citigroup Glob. Markets, Inc.,* 598 F.3d at 35 (2d Cir.2010).   This is because "governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly."  *Otoe–Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir.2014)  (quoting *Able v. United States*, 44 F.3d 128, 131 (2d Cir.1995)).   Temporary restraining orders and preliminary injunctions are extraordinary remedies "that should not be granted as a routine matter." *JSG Training Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 80 (2d Cir.1990); *see also Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."); *Martinez v. Pomodor*,  2012 WL 6698733, at *2 (E.D.N.Y., 2012).

As to all plaintiffs, the request for injunctive relief must be dismissed for failing to establish they face a real and immediate injury (see POINT II below).   However, regarding Silva's request for injunctive relief relating to his criminal proceeding in state court, the Court need not engage in in any analysis as it must abstain from issuing an injunction or declaratory judgment under the *Younger* abstention doctrine.   In *Younger v. Harris,* 401 U.S. 37 (1971), "the Supreme Court held that a federal court ... should not enjoin a criminal proceeding in a state court." *Liberty Mut. Ins. Co. v. Hurlbut,* 585 F.3d 639, 646 (2d Cir.2009). "*Younger* abstention is mandatory when: (1) there is a pending

3

state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 100–01 (2d Cir.2004).

In the instant matter, the first two requirements are clearly met.  Silva's prosecution was ongoing at the time he filed his complaint and is still ongoing; and "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Ct. for Town of Springfield, N.Y.,* 56 F.3d 391, 393 (2d Cir.1995) (noting that the question is whether state proceeding pending at time lawsuit filed in federal court). See also, *Matter of Defend H20 v. Town Bd. of the Town of E. Hampton*, 147 F. Supp. 3d 80, 95–96 (E.D.N.Y. 2015).

The third requirement of *Younger* abstention is also satisfied.  "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review ... is inadequate for *Younger* purposes," *Hansel v. Town Ct. for Town of Springfield, N.Y.,* 56 F.3d at 394. There is no reason why Silva's claims cannot be brought in New York courts, be it before trial, at trial, or on direct appeal. *See Davis v. Lansing,* 851 F.2d 72, 76 (2d Cir.1988). Indeed, the decision from the local court annexed by the plaintiffs as Exhibit 5, specifically addresses Silva's jurisdictional defense made by way of collateral estopple. That Judge Weber denied his pre-trial motion, does not preclude him raising these issues again at trial, or if he is unsuccessful, on direct appeal to the Appellate Term of the New York Supreme Court.   More significantly, and as further evidence that the plaintiff is not

4

barred from seeking relief in the local court, the last line of Judge Weber's decision actually invites the parties to provide clarification "as to their respective positions as to whether or not the Defendant, as a member of the Shinnecock Tribe must have a New York State fishing license to fish in non-tribal waters." (See Plaintiff's Exhibit 5 at pg. 2).

Lastly, as noted above, plaintiffs' argument that they are outside the jurisdiction of the State DEC and are protected from enforcement of the State environmental laws, is entirely fact based.   Plaintiff devotes a great portion of his memorandum in support of his motion for injunctive relief to the analysis and opinion of Dr. John A. Strong, a professor emeritus at Long Island University, who not surprisingly comes to the conclusion that the Indians may fish in certain off reservation waters.   The District Attorney and the DEC disagree with this proposition.   There is no reason why the local Southampton Court cannot resolve this factual dispute and in fact the court notes in its decision that "It may well be that on the trial of the matter at least one of these issues, as has happened before, will be resolved in favor of the Defendant." (See Plaintiff's Exhibit 5 at pg. 2).

Moreover, even assuming there may be off-reservation locations where members of the Shinnecock Tribe may fish, the exact location of where the alleged violation took place, and whether it falls within the protected boundaries, will still be an issue of fact than can be determined by the local court.

The defendants are cognizant that, despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief."

5

*Younger,* 401 U.S. at 54, 91 S.Ct. 746. However, a plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies. *See, Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198–200 (2d Cir. 2002); *Kirschner v. Klemons,* 225 F.3d 227, 235–36 (2d Cir.2000).

The defendants respectfully submit that neither the "bad faith" exception nor the "extraordinary circumstances" exception to *Younger* abstention applies here. *See Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir.1994) (Bad faith exception applies where "no reasonable expectation of obtaining a favorable outcome" in state case.); *Diamond "D" Const. Corp.,* 282 F.3d at 199. (Bad faith applies where "state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," and "extraordinary circumstances" exception requires: "(1) that there be no state remedy available" that can "meaningfully, timely, and adequately remedy" the alleged violation and "(2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene.").

Plaintiff Silva cannot claim that there is no reasonable expectation of obtaining a favorable outcome in the criminal case. Indeed plaintiff asserts that in all of the prior cases he cites the outcome was favorable to the criminal defendant. No doubt the plaintiff will claim that his prosecution is motivated by harassment or for retaliatory reasons, but the plaintiff has put forth nothing to suggest that the citations given were anything more "than a straightforward enforcement of the laws of New York" *Diamond "D" Const. Corp.,* 282 F.3d at 199.

6

Again, the citations given to the plaintiff were for fishing without a license and taking undersized eels.   Plaintiff does not contend that the eels seized were of full size or that he had a valid license.   His entire argument is based upon the exact location of the alleged violation and whether it falls within protected waters.   The DA and the DEC contend the location of the offense is not within protected waters.   This is purely fact based dispute, which contrary to the plaintiff's suggestion has not been resolved in the local court.[3]   Moreover, the most recent example cited by the plaintiff of a citation being given to a member of the Shinnecock tribe is from 2010.

As none of the exceptions apply, the Court must abstain under the Younger doctrine, and the request for injunctive relief should be denied.

## POINT II

### PLAINTIFFS LACK ARTICLE III STANDING TO MAINTAIN A CLAIM FOR INJUNCTIVE RELIEF

While the Court should abstain from considering plaintiff Silva's request for injunctive relief it should also deny the remaining plaintiffs' motion as they have not established they face a real and immediate injury; and accordingly lack Article III standing to maintain a claim for injunctive relief.

"Pursuant to Article III, § 2 of the United States Constitution, the jurisdiction of the federal courts is limited to 'Cases' and 'Controversies,' which 'restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.' "

---

[3] *People v. Ruggerio*, Dkt # 08-10130 resolved in the defendants favor because the People failed to "prove beyond a reasonable doubt that the defendant was fishing outside the boundary of the Shinnecock Reservation."

7

*Lary v. Rexall Sundown, Inc.,* 74 F. Supp. 3d 540, 543-44 (E.D.N.Y. 2015) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 1528, 185 L.Ed. 2d 636 (2013)). "Thus, federal courts require that a party have a legally cognizable interest in a case's outcome to 'ensure[ ] that the Federal Judiciary confines itself to its constitutionally limited role in adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.' " Id. at 544 (quoting *Symczyk*, 133 S. Ct. at 1528); *see Evans v. Hills*, 537 F.2d 571, 591 (2d Cir. 1975) ("The hallmark of a case or controversy is the presence of adverse interests between parties who have a substantial personal stake in the outcome of the litigation").

To establish constitutional standing, a plaintiff must allege that (i) she has suffered an injury in fact which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (ii) there is "a causal connection between the injury and the conduct complained of," and (iii) it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

To meet this burden when seeking injunctive or declaratory relief, a plaintiff "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir,* 156 F.3d 340, 344 (2d Cir.1998); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all

8

citizens who no more than assert that certain practices of law enforcement officers are unconstitutional."). See also, *Caruso v. Zugibe*, 646 F. App'x 101, 104 (2d Cir. 2016).

In *Lyons*, the Supreme Court noted that "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " 461 U.S. at 101-02 (quoting *Golden v. Zwickler*, 394 U.S. 103, 109-10, 89 S. Ct. 956, 22 L.Ed. 2d 113 (1969)). Thus, quoting from its prior decision in *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 38 L.Ed. 2d 674 (1974), the Court reiterated that " 'past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.' " *Lyons*, 461 U.S. at 102; see, *Martins v. Cty. of Nassau*, No. 15CV5120ADSAKT, 2016 WL 8711208, at *3–4 (E.D.N.Y. Apr. 29, 2016)

In seeking injunctive relief from this Court, the plaintiffs have failed to show that they have "sustained or [are] *immediately* in danger of sustaining some *direct* injury as the result of the challenged official conduct." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). They have only put forth evidence of purported *past injury* to show a likelihood that they might be injured in the future. Further, not only are the criminal cases referenced by the plaintiffs over eight years old, the plaintiffs misstate the rulings of the Court in *People v. Jonathan K. Smith*, Case No. 09-031419. In their memorandum of law, the plaintiffs claim that Jonathan Smith's *criminal* matter was dismissed after a decision by the Hon. Judge Leonard Wexler for failure to prosecute (CV-09-0571). However, the case before Judge Wexler involved a civil violation that was given to Mr. Smith at the same time

9

he was given a criminal summons. The request for removal of the criminal matter to federal court was pending before the Hon. Denis R. Hurley (CV-09-2221) who denied removal and remanded the case back to the State court. In doing so Judge Hurley reaffirmed the State court's ability to resolve arguments relating to federally protected fishing rights, stating:

> Moreover, Defendant cannot meet the second prong of the *Rachel* test because he has not sufficiently alleged that he would be unable to enforce any federally protected fishing rights in state court. It is "insufficient for the removing party to have a mere apprehension that he will be denied or unable to enforce his rights in state court." *People of New York v. Smith*, 2009 WL 2390809, at *2 (E.D.N.Y. July 31, 2009) (citing *Emigrant Sav. Bank v. Elam Mgmt. Corp.*, 668 F.2d 671, 674 (2d Cir. 1982)). Indeed, as noted by the court in *Smith*, the New York Court of Appeals "recently decided a case involving the off-reservation fishing rights of Native Americans, and whether those rights were reserved by treaty and federally protected." *Id.* at *3 (citing *People v. Patterson*, 5 N.Y.3d 91 (2005)). Thus, the Court has no reason to conclude that Defendant could not raise any arguments regarding his asserted federally protected fishing rights in state court. (See Decision of Judge Hurley attached as Exhibit A).

Plaintiff's attorney in the matter before Judge Hurley was the same attorney appearing on the instant motion, and his failure to bring Judge Hurley's decision to this Court's attention was most likely an oversight.

But for the few remote examples of instances where members of the Shinnecock Tribe have been ticketed for violating State fishing laws, cases which were resolved entirely on factual basis, the plaintiffs have not plausibly alleged that they are in any "immediately in danger of sustaining some direct injury as the result of the challenged conduct." Nor have they shown that the alleged injury or threat of injury is both 'real and immediate,' and not 'conjectural' or 'hypothetical.' " *Lyons*, 461 U.S. at 101-02.

10

To find an injury in fact, the Court would have to assume that the plaintiffs would fish in waters in which there was no factual dispute that the location was part of the Shinnecock Reservation, and that he DEC defendants, with knowledge that the waters were in an undisputed protected area still cited the plaintiffs for violating State fishing laws, and that the District Attorney's Office would similarly, knowingly prosecute the plaintiffs. This string of possibilities is "simply too speculative" to form an injury in fact redressable through injunctive or declaratory relief. *Shain v. Ellison,* 356 F.3d 211, 216 (2d Cir.2004).

As the plaintiffs have failed to establish that they face a real and immediate injury they lack Article III standing to maintain a claim for injunctive relief. Accordingly their motion for a preliminary injunction should be denied in its entirety.

### POINT III

### PLAINTIFFS CANNOT SEEK INJUNCTIVE RELIEF AGAINST THE COUNTY RELATING TO THE CONDUCT OF THE DISTRICT ATTORNEY

Plaintiffs request injunctive relief against the "Suffolk County District Attorney's Office." The capacity of the District Attorney's Office to be sued is determined by New York law. *See* Fed.R.Civ.P. 17(b). "Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney." *Gonzalez v. City of New York,* 1999 WL 549016, at *1 (S.D.N.Y. July 28, 1999). Correspondingly, the District Attorney's Office is not a suable entity. *See Steed v. Delohery,* No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998); *see also Jacobs v. Port Neches Police Dept.,* 915 F.Supp. 842 (E.D.Tex.1996) ("A county district attorney's office is not

11

a legal entity capable of suing or being sued."). However, injunctive relief may be sought against a District Attorney.

The County defendants respectfully submit that suits against the District Attorney's Office should be properly construed as being brought against the State of New York. However, to the extent the Court construes the request for injunctive relief against the "District Attorney's Office" as one against the County of Suffolk , s*ee Sheikh v. City of New York, Police Dep't,* 2008 WL 5146645 (E.D.N.Y. Dec. 5, 2008),  it must be denied as  the County cannot establish policy regarding the manner in which the District Attorney prosecutes violations of law.

When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the County.  *Baez v. Hennessy*, 853 F.2d 73, at 77 (2nd Cir. 1988);  *McGinley v. Hines*, 51 N.Y.2d 116 (1980).   "It is well established in New York that the district attorney, and the district alone, should decide when and in what manner to prosecute a suspected offender.  The responsibilities attendant the position of district attorney necessitate the exercise of completely impartial judgment and discretion.  The State of New York reserves the right to fill vacancies and establish minimum salaries so as to ensure that district attorneys will be freely independent to act in this impartial manner.  No county policy can require them to act otherwise".  *Baez*, supra at 77 (internal sites and quotation marks omitted).

A district attorney's powers and duties in connection with the prosecution of a criminal proceeding are the same as those of an assistant State Attorney General appointed to handle such a prosecution.  A county has no right to establish a policy

12

concerning how the district attorney should prosecute violations of law.  *Baez, supra* at 77; *Zimmerman v. City of New York*, 52 Misc.2d 797 (1966).   As such, the County cannot establish policy for the Office of the District Attorney.

To the extent that the plaintiff argues that the alleged manner in which the District Attorney prosecutes violations of the State environmental laws should be viewed as administrative in nature and not related to his prosecutorial function, the Supreme Court has examined (in an immunity context) the issue of supervisory liability and failure to adequately train within the office of a prosecutor, and has held that matters of supervision and training that are directly connected with the prosecutor's basic trial advocacy duties will be considered prosecutorial in nature and not administrative.  *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S.Ct 855 (2009).   Here, the plaintiffs allege the District Attorney knowingly prosecutes state fishing violations against the plaintiffs even though they are in claimed protected waters.  Accordingly, as the practice the plaintiff challenges is directly related to the District Attorney's decision as to when and in what manner to prosecute, the County cannot be held to establish or dictate those policies.  As such, to the extent the plaintiffs' request for injunctive relief is construed as against the County of Suffolk it should be denied.

13

## **CONCLUSION**

Based upon the forgoing, the County defendants respectfully requests that the plaintiffs request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a)(1) be denied in its entirety.

Dated:  Hauppauge, New York           Yours, etc.
        July 20, 2018

                                              DENNIS M. BROWN
                                              SUFFOLK COUNTY ATTORNEY
                                              Attorney for Defendant
                                              County of Suffolk
                                              H. Lee Dennison Building
                                              100 Veterans Memorial Hwy
                                              P.O. Box 6100
                                              Hauppauge, New York  11788

                            By:    *Brian C. Mitchell*
                                              Brian C. Mitchell
                                              Assistant County Attorney