```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

                        Plaintiff,            MEMORANDUM & ORDER

        -against-                              09 CV 2221 (DRH) (ARL)

JONATHAN K. SMITH,

                        Defendant.
-----------------------------------------------------------X
```

**APPEARANCES:**

**New York State Department of Environmental Conservation**
**Division of Legal Affairs, Region 2**
Attorneys for Plaintiff
47-40 21st Street
Long Island City, New York 11101
By:    John Karl Urda, Assistant Regional Attorney

**MOORE INTERNATIONAL LAW OFFICE**
Attorneys for Defendant
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
By:    Scott M. Moore, Esq.

**HURLEY, Senior District Judge:**

On May 27, 2009, defendant Jonathan K. Smith ("Defendant") removed this action from the Criminal Court of the City of New York, Bronx County to this Court pursuant to 28 U.S.C. § 1443(1). Presently pending before the Court is a motion by plaintiff, the People of the State of New York, ("Plaintiff") seeking to remand this action to its original forum. For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

Defendant is a member of the Shinnecock Indian Nation and resides on the Shinnecock Indian Nation Reservation in Southampton, New York. (Notice of Removal ¶ 1 & Ex. A.) On

January 14, 2009, at the request of the New York State Department of Environmental Quality,[1] Defendant attended an "off reservation" meeting at that agency's offices located in Setaukat, New York. During the meeting, Defendant was served with two New York State citations: (1) Civil Infraction Ticket No. BA8767264 (the "Civil Infraction Ticket"), and (2) Criminal Summons No. 431162287-9 (the "Criminal Summons"). (*Id.* ¶ 3.)

The Civil Infraction Ticket alleged that on December 23, 2008, Defendant operated an "unpermitted acquaculture facility" in Shinnecock Bay in violation of the New York Environmental Conservation Law ("ECL") § 13-0316(2), and was returnable to Southampton Town Court. (*Id.* ¶ 4.) On January 11, 2009, that action was removed from the Southampton Town Court to this Court under Civil Docket No. 09-571 before Judge Leonard D. Wexler. (*Id.*) The case was subsequently dismissed based upon the State's failure to prosecute the action, and judgment was entered in favor of Defendant. (*Id.*)[2]

The Criminal Summons, the subject of this case, alleges that on December 24, 2008, the Defendant used "improper shellfish tags" in violation of ECL § 13-0319. (*Id.*, Ex. C.) Defendant removed the action from the Bronx County Criminal Court to this Court on May 27, 2009. The removal was based upon allegations that Defendant has been denied his civil rights, and that such denial could not be litigated in State Court because New York State regulates the

---

[1] Plaintiff asserts that the proper name of the agency is the "New York State Department of Environmental Conservation." (Pl.'s Mem. at 1 & n.1.) For purposes of this Memorandum & Order, the Court will refer to the agency name as it is listed in the Notice of Removal.

[2] Despite Defendant's assertions to the contrary (*see* Def.'s Opp'n at 1, 9), Judge Wexler's dismissal of the Civil Infraction Ticket action based on the plaintiff's failure to prosecute has no bearing on the Court's determination of this matter.

2

Indian Nation illegally. (*Id.* ¶ 2.) Defendant further alleged that the Department of Environmental Quality willfully interfered, by force or threat of force, with Defendant "in order to intimidate" him and to prevent him "from participating in and enjoying a privilege and/or activity provided or administered by the United States" in violation of 18 U.S.C. § 245(b)(1)(B).[3] (*Id.* ¶ 7.) Specifically, Defendant alleges that Plaintiff violated his "federally protected" fishing rights under the following: (1) the doctrine of sovereign immunity, (2) the Fort Albany Treaty of 1664, (3) Wyandanch's Deed, (4) the Contract Clause, (5) the Indian Commerce Clause, (6) Congressional Indian Policy, (7) Federal Trust, (8) United Nations' International Convention on the Elimination of All Forms of Racial Discrimination ("CERD"), and (9) the United Nations Declaration on the Rights of Indigenous Peoples. (*Id.*)

Plaintiff argues that the case should be remanded because Defendant "has not shown that this criminal action is removable under 28 U.S.C. § 1443(1)." (Pl.'s Mem. at 2.) For the reasons set forth below, the Court agrees.

## DISCUSSION

### I. Legal Standard

"An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." *Negron v. People of New York*, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002). Section 1443(1) provides for removal of civil actions or criminal prosecutions commenced in a State court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal

---

[3] Although the Notice of Removal cites 18 U.S.C. § 245(a)(2)(b)(1)(B), which does not exist, Defendant has clarified that this reference contained a typographical error and should read 18 U.S.C. § 245(b)(1)(B). (Def.'s Opp'n at 6 n.1.)

civil rights of citizens of the United States." 28 U.S.C. § 1443(1). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

A removal petition under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*

Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803).

## II.     *The Motion to Remand is Timely*

Defendant asserts that Plaintiff's motion to remand is untimely. (*See* Def.'s Opp'n at 3-4.) Section 1447(c) provides: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). Defendant contends that Plaintiff "attacks an alleged defect in removal, not subject matter jurisdiction" and, therefore, is untimely since the motion was filed more than 30 days after the notice of removal was filed.

4

(Def.'s Opp'n at 3.) The main thrust of Plaintiff's remand argument is that Defendant did not have an adequate basis to remove the action from State to Federal court; thus, the central question here is the existence of subject matter jurisdiction. The Court finds, therefore, that Plaintiff's motion is timely filed.

### III. *Defendant has Failed to Allege a Proper Basis for Removal Under Section 1443(1)*

Defendant has not shown, and it is not at all evident from the face of the notice of removal, that the rights allegedly denied Defendant – "federally protected Indian fishing rights" (*see* Def.'s Opp'n at 11) – arise under a federal law "providing for specific civil rights stated in terms of racial equality." *See Rachel*, 384 U.S. at 792. The removal of a criminal case "is appropriate only where 'defendant is charged with exactly that conduct which a federal law explicitly makes legal.'" *Negron*, 2002 WL 1268001 at *1 (quoting *People of New York v. Foster*, 1987 WL 5356, at *2 (S.D.N.Y. Jan. 7, 1987)). Here, Defendant has not shown that any of the various treaties and federal statutes cited make legal the use of "improper shellfish tags" in violation of ECL § 13-0319. *See id.*

Defendant asserts that "[s]ince the issuance of the tickets by the State, the Shinnecock Indian Nation has become 'federally recognized'" (Def.'s Opp'n at 2), but does not explain how such a fact would affect the Court's analysis. Indeed, Defendant would not be able to benefit from any tribal sovereign immunity that a "federally recognized" status might afford the Shinnecock Indian Nation; "[i]t is 'well-settled that tribal sovereign immunity does not extend to individual members of a tribe.'" *City of New York v. Golden Feather Smoke Shop, Inc.*, 2009 WL 705815, at *7 (E.D.N.Y. Mar. 16, 2009) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Moreover, Defendant cannot meet the second prong of the *Rachel* test because he has not sufficiently alleged that he would be unable to enforce any federally protected fishing rights in state court. It is "insufficient for the removing party to have a mere apprehension that he will be denied or unable to enforce his rights in state court." *People of New York v. Smith*, 2009 WL 2390809, at *2 (E.D.N.Y. July 31, 2009) (citing *Emigrant Sav. Bank v. Elam Mgmt. Corp.*, 668 F.2d 671, 674 (2d Cir. 1982)). Indeed, as noted by the court in *Smith*, the New York Court of Appeals "recently decided a case involving the off-reservation fishing rights of Native Americans, and whether those rights were reserved by treaty and federally protected." *Id.* at *3 (citing *People v. Patterson*, 5 N.Y.3d 91 (2005)). Thus, the Court has no reason to conclude that Defendant could not raise any arguments regarding his asserted federally protected fishing rights in state court.

### IV.  Removal Under Section 1443(1) is not Supported by 18 U.S.C. § 245

Defendant also alleges that 18 U.S.C. § 245 provides an adequate basis for removal pursuant to Section 1443(1). Title 18 U.S.C. § 245 is a federal criminal statute that provides, in relevant part:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with –
>
> (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from –
>
> . . .
>
> (B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; . . .

6

> shall be fined under this title, or imprisoned not more than one year, or both . . . .

18 U.S.C. § 245(b)(1)(B). This statute "does not in terms confer substantive rights," but is "solely a criminal statute permitting federal prosecution for interference with a long list of activities." *People of New York v. Horelick*, 424 F.2d 697, 702 (2d Cir. 1970).

The Supreme Court has specifically held that 18 U.S.C. § 245 cannot provide an adequate basis of removal pursuant to Section 1443(1) because "it evinces no intention to interfere in any manner with state criminal prosecutions of those who seek to have their cases removed to the federal courts." *Johnson*, 421 U.S. at 223-24. In fact, the statute itself explicitly provides that "[n]othing in this section shall be construed as indicating an intent on the part of Congress to prevent any State . . . from exercising jurisdiction over any offense over which it would have jurisdiction in the absence of this section." 18 U.S.C. § 245(a)(1). Moreover, the statute "focuses on the use of force." *See Johnson*, 421 U.S. at 224. "[A] state prosecution, proceeding as it does in a court of law, cannot be characterized as an application of 'force or threat of force' within the meaning of s 245." *Id.* at 227; *see also Horelick*, 424 F.2d at 703 (finding that 18 U.S.C. § 245 "cannot be read to prevent state prosecution"). Thus, Defendant cannot base removal pursuant to Section 1443(1) on this statute.

7

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is granted. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 17, 2011

/s/
Denis R. Hurley
United States District Judge