UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID T. SILVA,
GERROD T. SMITH, and
JONATHAN K. SMITH,
Members of the Shinnecock Indian Nation,

                      Plaintiffs,

            - against -

BRIAN FARRISH,
JAMIE GREENWOOD,
EVAN LACZI,
BASIL SEGGOS,
NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,
and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                      Defendants.
------------------------------------------------------------X

**FILED**
**CLERK**
1:10 pm, Jul 31, 2018
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM**
**AND ORDER**
18-cv-3648 (SJF) (SIL)

**FEUERSTEIN, District Judge:**

**I.    INTRODUCTION**

      Plaintiffs, David T. Silva ("Silva"), Gerrod T. Smith ("Gerrod"), and Jonathan K. Smith ("Jonathan"; collectively with Silva and Gerrod, the "Plaintiffs"), bring the instant § 1983 civil rights action against Defendants Jamie Greenwood ("Greenwood") and the Suffolk County District Attorney's Office (the "DA's Office"; collectively with Greenwod, the "County Defendants"), and Defendants Brian Farrish ("Farrish"), Evan Laczi ("Laczi"), Basil Seggos ("Seggos"), and New York State Department of Environmental Conservation ("DEC"; collectively with Farrish, Laczi, and Seggos, the "State Defendants"), seeking damages and injunctive relief stemming from the Defendants' alleged interference with the Plaintiffs' use of

the waters, fishing, taking fish, and holding fish in the Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters.  Presently before the Court is Plaintiffs' motion seeking a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure (hereafter, the "P.I. Motion").  (*See* ECF No. 3.)  For the reasons that follow, Plaintiffs' motion is DENIED.

## II.     BACKGROUND

### A.  Factual Background

The facts are drawn from the Plaintiffs' June 22, 2018 Complaint, as well as the documents attached thereto.  *See Mullins v. City of New York*, 626 F.3d 47, 51-52 (2d Cir. 2010).  The Plaintiffs are all "on-Reservation" members of the Shinnecock Indian Nation, a federally recognized Indian Tribe, who have fished in the adjacent waters of Shinnecock Bay and its estuary.  (*See* Compl., ¶¶1-4, 14.)  Some of the Defendants[1] have ticketed, seized fish and fishing equipment, and/or criminally prosecuted the Plaintiffs for alleged violations of New York State law involving fishing and raising shellfish in Shinnecock Bay and its estuary waters.  (*See id.* ¶16.)  Gerrod was prosecuted in or around 2009 (*see id.* ¶18 (Southampton Town Justice Court, Case No. 08-101351)), and Jonathan was prosecuted in or around 2010 (*see id.* ¶19 (Southampton Town Justice Court, Case No. 09-31419).)  On April 20, 2017, while fishing for elver eels in Shinnecock Bay, Silva was stopped by DEC Officers Farrish and Laczi, who seized Silva's eels, net, and other fishing equipment and issued Silva a criminal appearance ticket alleging possession of undersized eels in violation of New York State law, 6 N.Y.C.R.R. § 40-

---

[1] Plaintiffs do not specifically identify which Defendants "have ticketed, seized fish and fishing equipment, and prosecuted the Plaintiffs".  (*See* Compl. ¶16.)

1(b)(ii). (*See id.* ¶20.) Two additional criminal offenses, *to wit*: ECL. § 13-0355 (re: fishing without a license), and 6 N.Y.C.R.R. § 40-1(b)(iii) (re: possession of eels in excess of limit), were later added. (*See id.*) Silva's case is pending in the Southampton Town Justice Court, under Case No. 17-7008, is being prosecuted by Greenwood, and is scheduled for trial on August 30, 2018 at 9:00 a.m. (hereafter, the "State Action"). (*See id.*) In denying Silva's motion to dismiss the criminal complaint in the State Action, Judge Gary J. Weber stated that there is a factual dispute whether Silva was fishing in waters belonging to the Shinnecock Reservation, which requires a trial for resolution (hereafter, the "State Court Dismissal Decision"). (*See People v. Silva*, No. 17-060545,[2] slip op. at 1-2 (N.Y. Justice Ct. (Southampton, Suffolk Cty.) Jan. 9, 2017), *attached as* Ex. 5 (ECF No. 3-5 at 2-3) to P.I. Motion.) He also implicitly recognized Silva's defense that, as a member of the Shinnecock Tribe, Silva contends that he may fish anywhere within New York State free of the State's fishing regulations. (*See id.*)

    B. *Procedural Background*

On June 22, 2018, the Plaintiffs commenced this action alleging that the Defendants' repeated interference, seizures, and prosecutions under New York State fishing regulations violate their ancestrally retained fishing rights, which are protected under the Supremacy Clause. (*See id.* at First Cause of Action, ¶¶21-23.) They further allege the Defendants have a

> continuing pattern and practice of purposeful acts of discrimination based on [Plaintiffs'] race as Native Americans in violation of Plaintiffs' civil rights to equal security of the laws and to exercise their lawful federally protected rights to use waters, fish, take fish, and hold their fish without interference, without seizure of person and property, and without prosecution by the Defendants.

---

[2] The Court notes that the case number on the State Court Dismissal Decision differs from Silva's identified case number. As no party has raised an issue about this apparent discrepancy, the Court will assume it is a scrivener's error.

(*See id.* at Second Cause of Action, ¶25.)  Therefore, the Plaintiffs seek declaratory and injunctive relief "enjoining the Defendants from enforcing the laws of the State of New York against Plaintiff Silva in Southampton Town Justice Court in Case No. 17-7008, and from otherwise interfering with Plaintiffs' use of the waters, fishing, taking fish, and holding fish and shellfish in Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters" (*id.* at 7, WHEREFORE ¶1), as well as damages (*see id.* at WHEREFORE ¶2).

The Plaintiffs have moved for a preliminary injunction.  (*See* ECF No. 3.)  On July 3, 2018, the Court issued an Order to Show Cause directing the Defendants to show cause why the Court should not grant the requested preliminary injunctive relief.  (*See* Electronic ORDER TO SHOW CAUSE dated July 3, 2018.)  On July 20, 2018, the County Defendants filed their opposition to Plaintiffs' Preliminary Injunction Motion (*see* ECF No. 44; hereafter, the "County's Opposition").  The State Defendants filed their opposition on July 23, 2018 (*see* ECF No. 46; hereafter, the "State's Opposition").

### III.  DISCUSSION

#### A. Legal Standards

##### 1. Preliminary Injunction

In general, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,[3] that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

---

[3] Where a preliminary injunction requires an affirmative act or mandates a specific course of conduct (as opposed to maintaining the *status quo*), the "injunctive relief is understood to be mandatory" requiring the application of a "clear" or "substantial" likelihood of success on the merits.  *Chobani, LLC v. Dannon Co., Inc.*, 157 F. Supp.3d 190, 200-01 (N.D.N.Y. 2016) (citing *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir.1995)).

4

public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *see Otoe–Missouria Tribe of Indians v. N.Y. S. Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quotations and citation omitted) ("In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in [its] favor. . . ."); *Central Rabbinical Congress of United States & Canada v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 192 (2d Cir. 2014); *Barsoumian v. Univ. at Buffalo*, 594 F. App'x 41, 43 (2d Cir. 2015). As preliminary injunctive relief constitutes an "extraordinary remedy," a plaintiff is required to "carry the burden of persuasion by a clear showing for each factor." *Abbott Labs. v. Adelphia Supply USA*, No. 15-cv- 5826, 2015 WL 10906060, at *5 (E.D.N.Y. Nov. 6, 2015), *aff'd sub nom. Abbott Labs. v. H&H Wholesale Servs., Inc.*, 670 F. App'x 6 (2d Cir. 2016); *see also Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007).

Further, where "the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme," it must show it is likely to succeed on the merits of its claims, *see Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010), as "governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly." *Otoe–Missouria Tribe*, 769 F.3d at 110 (quoting *Able v. United States*, 44 F.3d 128, 131 (2d Cir.1995)). Moreover, the Second Circuit has recognized that "'[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is

5

necessary.'" *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984)(quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2948, at 440 (1973); further citations omitted).

Preliminary injunctions are extraordinary remedies "that should not be granted as a routine matter." *JSG Training Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 80 (2d Cir.1990); *see also Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."); *Martinez v. Pomodor*, No. 12-cv-6262, 2012 WL 6698733, at *2 (E.D.N.Y. Dec. 26, 2012). "'The district court has wide discretion in determining whether to grant a preliminary injunction . . .'." *Grand River Enter. Six Nations*, 481 F.3d at 66 (quoting *Moore v. Consol. Edison Co.*, 409 F.3d 506, 511 (2d Cir. 2005)).

    2. <u>Standing</u>

To establish standing to seek injunctive relief, a plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct. *See Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)(citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)). "For an alleged injury to support constitutional standing, it must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015)(internal citations and quotations omitted). A threatened injury must be certainly impending to constitute injury in fact; allegations of possible future injury are not sufficient. *See McLennon v. City of N.Y.*, 171 F. Supp.3d 69, 104 (E.D.N.Y. 2016)(internal quotations and citations omitted). "[A] plaintiff cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future." *Id*.

3. *Younger* Abstention

In *Younger v. Harris,* 401 U.S. 37 (1971), "the Supreme Court held that a federal court . . . should not enjoin a criminal proceeding in a state court." *Liberty Mut. Ins. Co. v. Hurlbut,* 585 F.3d 639, 646 (2d Cir.2009). "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 100–01 (2d Cir.2004); *see also Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197, 198 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

"Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Diamond "D"*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). It is the plaintiff's burden to establish that a *Younger* exception applies. *See id.* (citing *Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000)); *see also DeMartino v. N.Y.S. Dep't of Labor*, 167 F. Supp.3d 342, 354 (E.D.N.Y. 2016)("A party seeking to circumvent *Younger* abstention bears the burden of establishing the applicability of one of these exceptions.")(further citations omitted). For a bad faith exception to apply, the federal plaintiff must show that "the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome." *Cullen v. Fliegner*, 18 F.3d 72, 103 (2d Cir. 1994). "[C]ases concerning the bad faith exception have further emphasized that the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, this inquiry." *Diamond "D"*, 282 F.3d at 199 (citing *Schlagler v. Phillips*, 166 F.3d 439, 442-43 (2d Cir.

1999); *Kirschner*, 225 F.3d at 236-37). The Second Circuit has identified an intent to harass, retaliatory motives or some other nefarious purpose as examples of such bad faith. *See id.* at 200. To establish an "extraordinary circumstances" exception, a federal plaintiff must show "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." *Diamond "D"*, 282 F.3d at 201 (quoting *Trainor v. Hernandez*, 431 U.S. 434, 441-42 & n.7 (1977); emphasis in *Diamond "D"*).

    B. Analysis

        1. Plaintiff Silva

The County Defendants do not dispute that Silva and other Shinnecock Tribe members have a right to fish within the Shinnecock Reservation boundaries. (*See* County's Opposition at 2, n.2.) However, they dispute Plaintiffs' claim that Shinneccok Tribe members also have the right to fish in certain off-reservation waters in violation of New York State regulations. (*See id.* at 2.) As evident from the State Court Dismissal Decision (submitted by the Plaintiffs in support of their P.I. Motion), it remains an open issue whether Silva was fishing inside or outside the waters of the Shinnecock Reservation. (*See* State Court Dismissal Decision at 1-2.) Further, Judge Weber asked for "clarification from each counsel as to their positions as to whether or not [Silva], as a member of the Shinnecock Tribe[,] must have a New York State fishing license to fish in non-tribal waters." (*Id.* at 2.)

Because of these unanswered factual inquires, which, contrary to Silva's assertion, was not clearly answered by the Report prepared by Dr. John A. Strong, Ph.D. (*see* Strong Report, Ex. 10 (ECF No. 3-10), attached to P.I. Motion) (or other submissions by Plaintiffs), Silva has not clearly shown that he is likely to succeed on the merits of his Complaint. As Judge Weber

speculated, "[i]t may well be that *on the trial of the matter* at least one of these issues, as has happened before, will be resolved in favor of the Defendant." (State Court Dismissal Decision at 2 (emphasis).)

Even assuming, *arguendo*, that Silva made a clear showing of a likely success on the merits, and because Silva's alleged deprivation of a constitutional right mitigates the need of a further showing of irreparable injury, *Mitchell*, 748 F.2d at 806, and assuming the balance of equities tip in his favor, pursuant to *Younger* the Court must, nonetheless, abstain from granting the requested preliminary injunction. *See Pellegrino,* 380 F.3d 83, 100–01. First, there is no dispute that, as to Silva, there is a pending state proceeding. Second, the State Action involves New York State's enforcement of its generally applicable fishing regulations outside of reservation boundaries, implicating an important state interest. In any event, this element is generally "satisfied any time a party seeks to enjoin a pending criminal proceeding." *Bess v. Spitzer*, 459 F. Supp.2d 191, 204 (E.D.N.Y. 2006)(collecting cases); *see also Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one")(citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988)). Third, there is nothing indicating that the State Action will deprive Silva of an adequate opportunity for judicial review of his constitutional claim. *See Hansel*, 56 F.3d at 394; *Bess*, 459 F. Supp.2d at 205. Rather, upon Silva's own evidence, it is clear Judge Weber is prepared to provide Silva that opportunity. (*See* State Court Dismissal Decision at 2.)

Silva has not shown – indeed, he has not argued – that there are any exceptions to the *Younger* abstention doctrine in this instance. Moreover, on the record before it, the Court finds

9

no exceptions.  As to bad faith:  The single instance identified in this record of the DEC officers issuing Silva a criminal appearance ticket, in conjunction with confiscating his catch and fishing equipment, does not indicate an intent to harass Silva; the criminal prosecutions of Gerrod and Jonathan are too temporally attenuated to Silva's to show a pattern of harassment; and there is no basis to conclude that the Defendants were motivated by retaliation or some other nefarious purpose, despite Silva's apparent reliance on the decade-old prosecutions of Gerrod and Jonathan.  *See, e.g.*, *Diamond "D"*, 282 F.3d at 199 (reiterating that the straightforward enforcement of state laws does not fall within the bad faith exception; citing *Schlagler*, 166 F.3d at 443-44).  Nor does the Court find any extraordinary circumstance; the trial before Judge Weber in Justice Court provides Silva with a meaningful, timely, and adequate means to address his alleged constitutional violation, *see, e.g.*, *New York v. Smith*, No. 09-cv-2221 (DRH), 2011 WL 2470065, at *3 (E.D.N.Y. June 17, 2011)(granting State's remand motion, finding insufficient plaintiff's allegations that he would be unable to enforce federally protected fishing rights in state court); *New York v. Smith*, 08-cv-4422 (JS), 2009 WL 2390809, at *2 (E.D.N.Y. July 31, 2009)(granting State's remand motion, noting that the state court "recently decided a case involving the off-reservation fishing rights of Native Americans, and whether those rights were reserved by treaty and federally protected"); and there is nothing indicating Silva will suffer "great and immediate" harm if this Court does not intervene.  *See Diamond "D"*, 282 F.3d at 201-02.

      2.  <u>Plaintiffs Gerrod Smith and Jonathan Smith</u>

According to the Complaint, Gerrod's and Jonathan's prior prosecutions for violating New York State fishing laws are each approximately a decade old and were dismissed years ago. There are no allegations that either is currently being prosecuted or facing criminal charges. Without such allegations (or declarations), Gerrod's and Jonathan's request for injunctive relief

10

is entirely speculative and remote, insufficient to carry their burden of establishing that they have "sustained or [are] immediately in danger of sustaining some direct injury as the result of the challenged official conduct." *Lyons*, 461 U.S. at 101-02. In the absence of the requisite concrete and particularized injury needed to establish standing, there is no basis for the Court to issue the preliminary injunction they seek. *See Shain*, 356 F.3d at 215 (stating that if a party lacks standing, the court lacks subject matter jurisdiction to entertain a request for injunctive relief).

### IV. CONCLUSION

Based upon the foregoing analysis, Plaintiffs' motion seeking preliminary injunctive relief is DENIED.

**SO ORDERED** this 31st day of July 2018 at Central Islip, New York.

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
U.S. District Judge
