UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID T. SILVA, GERROD T. SMITH, and JONATHAN K. SMITH, Members of the Shinnecock Indian Nation,

                                            Plaintiffs,

-against-

BRIAN FARRISH, JAMIE GREENWOOD, EVAN LACZI, BASIL SEGGOS, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE,

                                            Defendants.

**SUFFOLK COUNTY DEFENDANTS' STATEMENT PURSUANT TO LOCAL RULE 56.1**

**CV18-3648 (SJF)(SIL)**

Defendant Jamie Greenwood and the Suffolk County District Attorney's Office[1] submit the following as and for its Statement Pursuant to Local Rule 56.1.

1) On June 22, 2018, the plaintiffs David Silva, Gerrod Smith and Jonathan Smith filed a complaint pursuant to 42 U.S.C. §1981 and §1982 alleging a Pattern of Illegal Racial Discrimination as against them by the defendants and seeking monetary damages and declaratory relief. (See Exhibit A, Complaint).

2) Defendant Jamie Greenwood is sued in her individual and official capacity. (See Exhibit A).

3) Defendant Jamie Greenwood is an Assistant District Attorney in the Office of the Suffolk County District Attorney, Hon. Timothy D. Sini.   (See Exhibit A)

4) On May 20, 2017, plaintiff Silva was issued a criminal appearance ticket for the possession of undersized eels in violation of  New York State law, 6 NYCRR 40-1(b)(ii).  He was later charged with two additional offenses, ECL 13-0355 (no fish license), and 6 NYCRR 40-1(b)(iii) (possession of eels over limit). (See Exhibit A).

---

[1]  The County submits that the Suffolk County District Attorney's Office is not an entity susceptible to suit. *Steed v. Delohery*, No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998).

5) Defendant Greenwood prosecuted the charges against the plaintiff in the Southampton Town Justice Court.  (See Exhibit A; Exhibit B, Memorandum Decision of the Hon. Gary J. Webber dated June 5, 2019).

6) On June 5, 2019, after a bench trial, plaintiff Silva was convicted of the offense of ECL 13-0355 by the Hon. Gary J. Webber.  Plaintiff was found not guilty of the two other charges. (See Exhibit B)

7) All of Defendant Greenwood's conduct as alleged in the complaint related solely to her role in the prosecution of plaintiff Silva. (See Exhibit A).

8) Defendant Greenwood was not involved in a determination that probable cause existed to charge the plaintiffs, or gave legal advice to the police on the propriety of investigative techniques, or was engaged in any coercive interrogations of the plaintiffs.

9) Plaintiffs have no proof that Defendant Greenwood was involved in a determination that probable cause existed to charge the plaintiffs, or gave legal advice to the police on the propriety of investigative techniques, or was engaged in any coercive interrogations of the plaintiffs.[2]

10) The complaint alleges no conduct on the part of Defendant Greenwood that can be characterized as administrative or investigative in nature. (See Exhibit A).

11) Plaintiffs have no proof that Defendant Greenwood engaged in conduct that can be characterized as administrative or investigative in nature.

---

[2] The defendants may point to the absence of evidence in the record to discharge its burden on an issue for which the plaintiff has the burden of proof, in this case that ADA Greenwood was not involved in a determination that probable cause existed to charge the plaintiffs, or gave legal advice to the police on the propriety of investigative techniques, or was engaged in any coercive interrogations of the plaintiffs. The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents ... [and] affidavits or declarations," Fed.R.Civ.P. 56(c)(1)(A), "which it believes demonstrate [s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may also meet its initial burden that there is no genuine dispute by "showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(B); *Hill v. Melvin,* No. 05 Civ. 6645, 2006 WL 1749520, at *4 (S.D.N.Y. June 27, 2006) ("The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof."); *Fuertado v. City of New York,* 337 F.Supp.2d 593, 599 (S.D.N.Y.2004) ("The moving party may use a memorandum or brief to 'point to' the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim.").

12)   The complaint is silent as to any custom or policy of the County of Suffolk that caused the alleged constitutional depravation. (See Exhibit A)

13)   Plaintiffs have no evidence that any custom or policy of the County of Suffolk caused a violation of plaintiff's constitutional rights.

| | |
|---|---|
| Dated: Hauppauge, New York<br>October 3, 2019 | Yours, etc.<br>DENNIS M. BROWN<br>SUFFOLK COUNTY ATTORNEY<br>Attorney for Defendant<br>County of Suffolk<br>H. Lee Dennison Building<br>100 Veterans Memorial Highway<br>P.O. Box 6100<br>Hauppauge, New York 11788 |
| BY: | ____*Brian C. Mitchell*____<br>Brian C. Mitchell<br>Assistant County Attorney |

To:

Scott M. Moore
Moore International Law Office PLLC
45 Rockefeller Plaza
Suite 2000
New York, NY 10111

Richard H. Yorke, Esq.
New York State Attorney General's Office
200 Old Country Road
Mineola, NY 11501