UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID T. SILVA, GERROD T. SMITH, and
JONATHAN K. SMITH, Members of the Shinnecock
Indian Nation,

                               Plaintiff,

CV18-3648 (SJF)(SIL) -against-                        **18-cv-3648(SJF)(SIL)**

BRIAN FARRISH, JAMIE GREENWOOD, EVAN
LACZI, BASIL SEGGOS, NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                               Defendants.

## SUFFOLK COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 56.1

Dated: Hauppauge, New York
       October 4, 2019                      Respectfully Submitted,

                                        Dennis M. Brown
                                        Suffolk County Attorney
                                        Attorney for Defendants
                                        H. Lee Dennison Building
                                        100 Veterans Memorial Highway
                                        P.O. Box 6100
                                        Hauppauge, New York  11788

                                         BRIAN C. MITCHELL
                                        Assistant County Attorney

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

POINT I
ALL CLAIMS AGAINST DEFENDANT GREENWOOD
MUST BE DISMISSED AS SHE IS ENTITLED TO
ABSOLUTE PROSECUTORIAL IMMUNITY ..................................................................... 3

POINT II
THE CLAIM AGAINST DEFENDANT GREENWOOD
IN HER OFFICIAL CAPACITY MUST BE DISMISSED
BASED UPON SOVEREIGN IMMUNITY ........................................................................... 6

POINT III
PLAINTIFF SILVA'S CLAIM IS BARRED BY THE
DOCTRINE SET FORTH IN *HECK V. HUMPHREY* .......................................................... 10

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

*Baez v. Hennessy,*
    853 F.2d 73 (2d Cir.1988) ............................................................................................. 7, 8

*Buckley v. Fitzsimmons*,
    509 U.S. 259, 113 S. Ct. 2606 (1993) ........................................................................ 4, 5, 6

*Burns v. Reed*,
    500 U.S. 478 (1991) ............................................................................................................ 6

*Channer v. Mitchell*,
    43 F.3d 786 (2d Cir. 1994) ............................................................................................... 11

*Coleman v. City of New York*, 08-CV-5276 DLI LB,
    2009 WL 909742 (E.D.N.Y. Apr. 1, 2009) ...................................................................... 4

*Cox v. County of Suffolk,*
780 F.Supp. 103 (E.D.N.Y.1991) ........................................................................................ 7

*Crews v. County of Nassau*,
    2007 WL 4591325 (E.D.N.Y. Dec. 27, 2007) ................................................................... 6

*Deronette v. City of New York*, No. 05-CV-5275,
    2007 U.S. Dist LEXIS 21766 at *12 (E.D.N.Y. 2007) .................................................... 4

*Diamond "D" Const. Corp. v. McGowan*,
    282 F.3d 191 (2d Cir. 2002) ............................................................................................. 12

*Doe v. Green*,
    593 F. Supp. 2d 523 (W.D.N.Y. 2009) ............................................................................. 7

*Dory v. Ryan*,
    25 F.3d 81 (2d Cir. 1994) ................................................................................................... 5

*Dow Jones & Co. v. Harrods Ltd.*,
    346 F.3d 357 (2nd Cir. 2003) .......................................................................................... 12

*Flores v. Levy*, 07-CV-3753 JFB WDW,
    2008 WL 4394681 (E.D.N.Y. Sept. 23, 2008) ................................................................. 4

*Gonzalez v. City of New York,*
    1999 WL 549016 (S.D.N.Y. July 28, 1999) ..................................................................... 9

*Hansel v. Town Court for the Town of Springfield, N.Y.*,
    56 F.3d 391 (2d Cir. 1995) ............................................................................................... 12

*Heck v. Humphrey*,
  512 U.S. 477 (1994) ................................................................................................ 2, 10, 11

*Hill v. City of New York*,
  45 F.3d 653 (2d Cir 1995) ................................................................................................ 4

*Imbler v. Pachtman*,
  424 U.S. 409, 96 S. Ct. 984 (1976) ............................................................................. 3, 4, 5

*Jackson v. Cnty. of Nassau*, 07-CV-0245 JFB AKT,
  2009 WL 393640,  (E.D.N.Y. Feb. 13, 2009) ..................................................................... 4, 7

*Jackson v. Cty. of Nassau*,
  2016 WL 1452394 (E.D.N.Y. 2016) ..................................................................................... 3

*Jacobs v. Port Neches Police Dept.*,
  915 F.Supp. 842 (E.D.Tex.1996) ........................................................................................ 10

*Kirschner v. Klemons*,
  225 F.3d 227 (2d Cir. 2000) ...................................................................................... 12, 13

*Martin v. County of Suffolk*,
  2014 WL 1232906 (E.D.N.Y 2014) ................................................................................... 7, 8

*McCray v. City of New York*,
  Nos 03 CV-9685, 03 CV-9974, 03 CV-10080, 2007  WL 4352748 (S.D.N.Y. Dec. 11, 2007) 6

*McMillian v. Monroe Cnty.*,
  520 U.S. 781, 117 S.Ct. 1734 (1997) ................................................................................... 8

*Mitchell v. Forsyth*,
  472 U.S. 511, 105 S. Ct. 2806 (1985) .................................................................................. 4

*Monell v. Dept. of Social Services*,
  436 U.S. 658, 98 S.Ct. 2018 (1978) ................................................................................. 2, 9

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
  4 F.3d 1095 (2nd Cir. 1993) ............................................................................................. 11

*Sheikh v. City of New York, Police Dep't*,
  2008 WL 5146645 (E.D.N.Y. Dec. 5, 2008) ........................................................................ 10

*Shmueli v. City of New York,*
  424 F.3d 231 (2d Cir. 2005) ............................................................................................ 4, 5

*Spargo v. New York State Comm'n on Judicial Conduct*,
　351 F.3d 65 (2d Cir. 2003) .................................................................................................. 12

*Steed v. Delohery,* No.,
　96 Civ. 2449, 1998 WL 440861 (S.D.N.Y. Aug. 4, 1998) ................................................. 1, 10

*Van de Kamp*,
　555 U.S. 335 ......................................................................................................................... 8

*Walker v. City of New York*,
　974 F.2d 293 (2d Cir. 1992) ................................................................................................. 8

*Warren v. Fischl*,
　674 F. App'x 71 (2d Cir.) .................................................................................................... 11

*Ying Jing Gan v. City of New York*,
　996 F.2d 522 (2d Cir 1993) .......................................................................................... 4, 6, 7

*Younger v. Harris*,
　401 U.S. 37, 91 S. Ct. 746 (1971) ....................................................................................... 12

## PRELIMINARY STATEMENT

Jamie Greenwood and the Suffolk County District Attorney's Office[1] (County Defendants), Defendants in this Civil Rights action pursuant to 42 U.S.C. §1981 and §1982, submit this memorandum of law in support of their motion for summary judgment dismissing the Complaint ("the complaint") filed by the plaintiffs.

On June 22, 2018, the plaintiffs David Silva, Gerrod Smith and Jonathan Smith filed a complaint pursuant to 42 U.S.C. §1981 and §1982 alleging a Pattern of Illegal Racial Discrimination as against them by the defendants and seeking monetary damages. The complaint also seeks declaratory relief against the defendants seeking to enjoin "the Defendants from enforcing the laws of the State of New York against Plaintiff Silva in Southampton Town Justice Court in Case No. 17-7008, and from otherwise interfering with Plaintiffs' use of the waters, fishing, taking fish, and holding fish and shellfish in Shinnecock Bay and its estuary and other usual and customary Shinnecock fishing waters."

The claims against defendant Assistant District Attorney (and apparently, the Suffolk County District Attorney's Office) arise out of ADA Greenwood's role in the prosecution of defendant Silva in a criminal action in Southampton Town Justice Court. On May 20, 2017, Silva was issued a criminal appearance ticket for the possession of undersized eels in violation of New York State law, 6 NYCRR 40-1(b)(ii). He was later charged with two additional offenses, ECL 13-0355 (no fish license), and 6 NYCRR 40-1(b)(iii) (possession of eels over limit). On June 5, 2019, after a bench trial, plaintiff Silva was convicted of the offense of ECL 13-0355 by

---

[1] The County submits that the Suffolk County District Attorney's Office is not an entity susceptible to suit. *Steed v. Delohery,* No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998). To the extent the claims may be construed as against the County of Suffolk, they are addressed *infra*.

the Hon. Gary J. Webber, Southampton Town Justice. He was found not guilty of the other two charges. ADA Greenwood is sued in her individual and official capacity.

The claims against ADA Greenwood in her individual capacity must be dismissed based upon absolute prosecutorial immunity. The claims against her in her official capacity, must be construed as claims against the State of New York and accordingly they must be dismissed based upon Sovereign Immunity. Lastly, to the extent the claims against her in her official capacity can be construed as claims against the County of Suffolk, they must be dismissed as the plaintiff has failed to plead that the alleged conduct was the result of a practice or custom of the County, and more significantly, the County cannot be liable for the actions of the District Attorney, who when prosecuting matters acts as a State actor.

The claims against the Suffolk County District Attorney's Office must be dismissed as the District Attorney's Office is not an entity susceptible to suit. Again, to the extent the claims can be construed against the State or County, they must be dismissed on the grounds of Sovereign immunity, or for failing to sufficiently plead municipal liability. *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

Lastly, the complaint by defendant Silva must be dismissed under the doctrine established in the matter of *Heck v. Humphrey*, 512 U.S. 477 (1994). When a verdict in plaintiff's favor in a civil case would undermine the integrity of his criminal conviction, a plaintiff may not proceed with such an action until he succeeds in setting the conviction aside. Silva's claim arises out of conduct related to his criminal prosecution, more specifically, what he alleges is an unconstitutional conduct on the part of the New York State defendants in stopping and issuing him the above described summonses. Clearly, a determination by a jury in this action

that the conduct of the defendants violated his constitutional rights would implicate the validity of his underlying conviction; and accordingly his claim must be dismissed.

As the Defendants now explain, the complaint must be dismissed on the grounds that the Defendants are entitled to absolute prosecutorial immunity and for failing to establish that the alleged conduct was the result of a practice or custom of the County, and more significantly, the County cannot be liable for the actions of the District Attorney, who when prosecuting matters acts as a State actor.

## POINT I

### ALL CLAIMS AGAINST DEFENDANT GREENWOOD MUST BE DISMISSED AS SHE IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY

The basis for the plaintiffs' claims against Assistant District Attorney Greenwood are solely based upon her role in the prosecution of defendant Silva in a pending criminal action in Southampton Town Justice Court. But for the following paragraph, the complaint is void as to any conduct attributable to ADA Greenwood:

> This case is presently lodged and pending in the Southampton Town Justice Court as Case No. 17-7008 and is being prosecuted by Greenwood. Silva's attempt to obtain a voluntary dismissal by Greenwood was unsuccessful, and Silva's motion to dismiss for lack of jurisdiction was denied by that court. Over Silva's objection, that case is presently scheduled for trial on August 30, 2018 at 9:00 am. (See Compliant at PP. 20)

It is well settled that prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process", including the decision whether to prosecute, and the presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976); see also *Jackson v. Cty. of*

3

*Nassau*, No. 15-CV-7218(SJF)(AKT), 2016 WL 1452394, at *6 (E.D.N.Y. 2016), *adhered to on reconsideration*, No. 15-CV-7218(SJF)(AKT), 2016 WL 3093897 (E.D.N.Y. June 1, 2016). "It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under §1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler, supra*). Because "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity," our "courts are encouraged to determine the availability of an absolute immunity defense at the earliest stage, preferably before discovery." *Flores v. Levy*, 07-CV-3753 JFB WDW, 2008 WL 4394681 (E.D.N.Y. Sept. 23, 2008) at*12 (E.D.N.Y. 2008) (quoting *Deronette v. City of New York*, No. 05-CV-5275, 2007 U.S. Dist LEXIS 21766 at *12 (E.D.N.Y. 2007), citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985) and *Imbler*, *id*. at 419 n. 13)).

Prosecutorial immunity from civil liability is broadly defined, "covering virtually all acts, regardless of the motivation, associated with the prosecutor's function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir 1995). Among the conduct that has been held to be within the scope of their duties in initiating and pursuing a criminal prosecution are acts taken in preparation for those functions, including evaluating and organizing evidence for presentation at trial or to a grand jury (*Hill, id.,* citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606 (1993)), or determining which offenses are to be charged (*Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir 1993); also protected by immunity, the decision whether or not to commence a prosecution (*Ying, id*.; see also, *Jackson v. Cnty. of Nassau*, 07-CV-0245 JFB AKT, 2009 WL 393640, , *4 (E.D.N.Y. Feb. 13, 2009)), and the decision to bring an indictment regardless of whether probable cause exists (*Coleman v. City of New York*, 08-CV-5276 DLI LB,

4

2009 WL 909742 (E.D.N.Y. Apr. 1, 2009), citing *Buckley*, 509 U.S. 259, 274 n. 5 (1993); see also *Pinaud*, *supra* at 1149 (district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury).

Motivation, whether it be malicious or negligent, is also irrelevant in deciding whether or not to apply absolute immunity. The concept of prosecutorial immunity from civil liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Dory v. Ryan*, 25 F.3d 81 (2d Cir. 1994). Once a court determines that a prosecutor was acting as an advocate, "a Defendant's motivation in performing such advocate functions as deciding to prosecute is irrelevant to the applicability of absolute immunity." *Shmueli, supra* at 237; *Flores*, *supra* at *14 (noting that the Ninth Circuit has interpreted *Imbler* to support absolute immunity even where a plaintiff alleges the prosecutor went forward with a prosecution he believed not to be supported by probable cause). So long as the actions taken by the prosecutor are associated with the prosecutor's role as an advocate, even allegations of intentional conspiracy to violate someone's constitutional rights are insufficient to overcome the cloak of immunity -- as stated by the Second Circuit in *Pinaud*, the "fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because the immunity attaches to the function and not to the manner in which it was performed." *Pinaud, id.* at 1148.

Clearly, defendant Greenwood's actions fall squarely within the scope of a district attorneys' prosecutorial capacity as an advocate, and are therefore protected by absolute prosecutorial immunity.

The defendants are cognizant that although the functional approach affords prosecutors absolute immunity for conduct associated with the judicial phase of the criminal process,

5

activities characterized as administrative or investigative, may not be afforded such protection, and the individual defendant may only be entitled to qualified immunity. *Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993); *Burns v. Reed*, 500 U.S. 478 (1991). However, the claims alleged by the plaintiffs relate to conduct on the part of ADA Greenwood entirely associated with the judicial phase of the criminal process and within the scope of her duties in pursuing a criminal prosecution. There is nothing in the complaint to suggest that defendant Greenwood was involved in a determination that probable cause existed, or gave legal advice to the police on the propriety of investigative techniques, or were engaged in coercive interrogations of the plaintiffs. *See McCray v. City of New York*, Nos 03 CV-9685, 03 CV-9974, 03 CV-10080, 2007 WL 4352748 (S.D.N.Y. Dec. 11, 2007)( citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Crews v. County of Nassau*, No. 06 CV-2610 (JFB)(WDW), 2007 WL 4591325 (E.D.N.Y. Dec. 27, 2007). Nor does the plaintiff have any evidence that ADA Greenwood functionally acted in a role other than as a prosecutor in the judicial phase of the criminal process.

ADA Greenberg's alleged conduct is solely related to her role in the prosecution of plaintiff Silva. All of the alleged acts are within the scope of her pursuing a criminal prosecution and as such she is immune from a civil suit for damages. Accordingly the claims against her must be dismissed.

## POINT II

### THE CLAIM AGAINST DEFENDANT GREENWOOD IN HER OFFICIAL CAPACITY MUST BE DISMISSED BASED UPON SOVEREIGN IMMUNITY

To the extent that defendant Greenwood is being sued in her official capacity as an Assistant District Attorney of Suffolk County, this claim must fail pursuant to the doctrine of

6

state sovereign immunity. Actions taken in her prosecutorial role represent New York State's interests and are thus shielded from suit under the Eleventh Amendment. *Ying Jing Gan,* 996 F.2d at 536; ("[A] District Attorney is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters") (internal quotation marks omitted); *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988) ( "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the state not the county"), *cert. denied,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989); see also, *Jackson v. County of Nassau,*, 2009 WL 393640 at *4 (E.D.N.Y. 2009).

Moreover, to the extent that the claim against the ADA Greenwood in her official capacity can be construed as a claim against the municipality County of Suffolk, they must be dismissed for the same reasons. Any claims against the County must be dismissed because in New York State a county cannot be held liable for the prosecutorial acts of a district attorney, because, as noted above, the DA acts in that capacity on behalf of the state, not the county. *See Ying Jing Gan, supra; Cox v. County of Suffolk,* 780 F.Supp. 103, 108 (E.D.N.Y.1991) (county could not be held liable under § 1983 for acts by a DA in connection with grand jury proceedings). Any alleged policies concerning the conduct of Assistant District Attorneys or the manner in which cases were to be investigated or prosecuted are not policies of the County— which lacks the authority to set such policies—but policies of the DA, acting on behalf of New York State. *Doe v. Green*, 593 F. Supp. 2d 523, 534 (W.D.N.Y. 2009) *citing Baez; see also Martin v. County of Suffolk*, 2014 WL 1232906 (E.D.N.Y 2014). A district attorney's powers and duties in connection with the prosecution of a criminal proceeding are the same as those of an assistant State Attorney General appointed to handle such a prosecution. A county has no right to establish a policy concerning how the district attorney should prosecute violations of

7

law.  Baez, *supra* at 77.  As such, a district attorney's misconduct in prosecuting an individual cannot give rise to municipal liability.

While the Second Circuit has recognized that in some limited administrative capacities the district attorney can be considered a municipal actor (*see*, *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992); *see also*, *McMillian v. Monroe Cnty.,* 520 U.S. 781, 795, 117 S.Ct. 1734 (1997) "in some "managerial" situations it is, accordingly, appropriate to treat district attorneys as municipal policymakers");  the inquiry is dependent on an analysis of state law, and the understanding of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law.  *McMillian*, at 786.  However, as stated above, none of the conduct alleged in the complaint is administrative or managerial and nature and can be described as nothing other than prosecutorial in nature.

Other Courts in this district have similarly recognized that "a county cannot be liable for the acts of a district attorney related to the decision to prosecute or not prosecute an individual." *Martin v. County of Suffolk*, 2014 WL 1232906, at *5 (E.D.N.Y 2014)(citations omitted).  When determining if a District Attorney acts in a State capacity, and therefore is not a municipal actor, the focus of the inquiry is on whether the conduct is associated with the basic prosecutorial duties, including decisions on when and how to prosecute.  It is only when a prosecutor acts in the limited administrative capacity recognized in *Walker*, that a District will be considered a municipal actor; acts which have been defined by the Supreme Court as those associated with bureaucratic and managerial tasks such as "workplace hiring, payroll administration, the maintenance of physical facilities, and the like." *Van de Kamp*, 555 U.S. 335, at 344.

The instant matter does not deal with such an administrative *municipal* policy or custom.

The plaintiff here alleges prosecutorial conduct directly related to the prosecution of plaintiff Silva. This is not conduct that can be said to fall within the limited "administrative" acts by which the District Attorney could be considered a municipal actor, and as such the County cannot be liable.

Even if the claim against ADA Greenwood in her official capacity could be construed as a claim against the County of Suffolk, it still must be dismissed. It is well settled that in order to recover against a government entity pursuant to §§1981, 1982 or 1983, a plaintiff must demonstrate facts that one of the County's customs and/or policies caused the subject constitutional violation. *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). It is not enough to simply allege a municipal employee violated plaintiff's rights – as there is no *respondeat superior* liability under the federal civil rights statutes embodied in §§ 1981 and 1982. A municipality may be held liable only for its own wrongs, that is, actions taken by the municipal employee pursuant to a municipal policy or practice. The complaint filed by the plaintiffs is void of any such facts (sufficient or otherwise) to establish that a custom and/or policy of the County caused a violation of the plaintiffs' constitutional rights. More significantly, the plaintiff can produce no proof of any such policy or practice, or that a claimed policy or practice was the driving force behind the alleged constitutional violation. Accordingly, any construed Monell claim against the County must be dismissed.

### *Claims Against the District Attorney's Office*

Plaintiffs' claims against the "Suffolk County District Attorney's Office" must also be dismissed. The capacity of the District Attorney's Office to be sued is determined by New York law. *See* Fed.R.Civ.P. 17(b). "Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney." *Gonzalez v. City of New York,* 1999

9

WL 549016, at *1 (S.D.N.Y. July 28, 1999). Correspondingly, the District Attorney's Office is not a suable entity. *See Steed v. Delohery,* No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998); *see also Jacobs v. Port Neches Police Dept.,* 915 F.Supp. 842 (E.D.Tex.1996) ("A county district attorney's office is not a legal entity capable of suing or being sued.").

The County defendants respectfully submit that suits against the District Attorney's Office should be properly construed as being brought against the State of New York, and as noted above are entitled to the protections under Sovereign Immunity. However, to the extent the Court construes the claim against the "District Attorney's Office" as one against the County of Suffolk , s*ee Sheikh v. City of New York, Police Dep't,* 2008 WL 5146645 (E.D.N.Y. Dec. 5, 2008), for the reasons stated above, it too must be dismissed as the County cannot establish policy regarding the manner in which the District Attorney prosecutes violations of law and the complaint is silent as to any custom or policy that caused the alleged constitutional depravation.

## POINT III

### PLAINTIFF SILVA'S CLAIM IS BARRED
### BY THE DOCTRINE SET FORTH IN *HECK v. HUMPHREY*

Plaintiff Silva's claim must also be dismissed because it is barred by the United States Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994). When a verdict in plaintiff's favor in a civil case would undermine the integrity of his criminal conviction, a plaintiff may not proceed with such an action until he succeeds in setting the conviction aside. In *Heck*, the Supreme Court explained this principle as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

10

>federal court's issuance of a writ of habeas corpus, *28 U.S.C. § 2254*. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, supra at 486-487.

In the instant matter, Silva's claim arises out of conduct related to his criminal prosecution, more specifically, what he alleges is an unconstitutional conduct on the part of the New York State defendants in stopping and issuing him the above described summonses. Clearly a determination by a jury in this action that the conduct alleged against the New York State defendants violated Silva's constitution rights would implicate the validity of his underlying conviction. *See*, *Channer v. Mitchell*, 43 F.3d 786, 787-88 (2d Cir. 1994); *Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir.), *cert. denied*, 138 S. Ct. 123, 199 L. Ed. 2d 75 (2017); see also *Harbison v. Corso, et al*, 16-CV-2919 (JMA) (E.D.N.Y., Jan. 24, 2018).

## POINT IV

### PLAINTIFF'S REQUEST FOR DECLARATORY RELEIF IS BARRED BY THE YOUNGER DOCTRINE

The Declaratory Judgment Act (28 USC § 2201 *et. seq.*) invests the district courts with discretionary authority to exert jurisdiction over an action in which the plaintiff seeks declaratory relief. ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC § 2201 (a). The Court has broad discretion regarding whether to render a declaratory judgment. *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1100 (2nd Cir. 1993). In considering whether to exercise this authority, the court must compare the facts at issue against the two prong standard adopted by the Second Circuit, to determine whether (1) a declaratory judgment in the case

before it would serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether the judgment would finalize the controversy and offer relief from uncertainty. *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-360 (2nd Cir. 2003).

However, the Court in the instant matter need not engage in the analysis described above as the Court should abstain from any intervention in the State proceedings under the Younger Abstention doctrine. "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 755 (1971)). Under *Younger* and its progeny, "abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). "The relevant question under *Younger* is 'whether the state's procedural remedies *could* provide the relief sought[,] [not] . . . whether the state will provide' the constitutional ruling which the plaintiff seeks." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003) (emphasis and second and third alterations in original) (quoting *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000)).

In denying the plaintiff's initial request for injunctive relief, this Honorable Court ruled that, under *Younger*, the Court was required to abstain from granting the injunctive relief requested by Silva. *See* DE [48] at 9. In reaching that conclusion, the Court reasoned that: (i) there was a pending State proceeding, namely, the subject criminal action against Silva in the Justice Court; (ii) that proceeding involved the "State's enforcement of its generally applicable fishing regulations outside of reservation boundaries, implicating an important state interest";

12

and (iii) there was no indication that Silva had been, or would be, deprived of "an adequate opportunity for judicial review of his constitutional claim." *Id.* (citations omitted). The Court also determined that neither of the exceptions exception to the *Younger* doctrine applied. *Id.* at 9-10. The Court determined that the plaintiffs did not establish bad faith, nor was there a pattern of harassment or evidence to support a finding of retaliation on the part of the State actors. Moreover, the Court concluded that no extraordinary circumstances existed, observing that "the trial before Judge Weber in [the] Justice Court provides Silva with a meaningful, timely, and adequate means to address his alleged constitutional violation[,] . . . and there is nothing indicating [that] Silva will suffer 'great and immediate' harm" absent this Court's intervention. *Id.* (citations omitted).

Notwithstanding the conclusion of the trial in the State matter, *Younger* abstention still applies, as Silva has not been, or would be, deprived of "an adequate opportunity for judicial review of his constitutional claim." Indeed, Silva may still challenge the alleged constitutional infirmities to his conviction through direct appeal in the State Court system. As such, Younger abstention is appropriate and the Court is barred from considering the plaintiffs' claims for declaratory relief.

Lastly, even if the Court were to entertain the request for declaratory relief, as explained above, to the extent the request for a declaratory judgment can be construed as against the County of Suffolk, it must be dismissed as the County cannot establish policy regarding the manner in which the District Attorney prosecutes violations of law.

13

## CONCLUSION

Based on the forgoing, defendants Jamie Greenwood and the Suffolk County District Attorney's Office respectfully request that this Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. Rule 56 dismissing the complaint.

Dated:  Hauppauge, New York
       October 3, 2019

                         *Brian C. Mitchell*
      By:    Brian C. Mitchell
              Assistant County Attorney