UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID T. SILVA, GERROD T. SMITH, and
JONATHAN K. SMITH, Members of the Shinnecock
Indian Nation,

                             Plaintiff,

-against-                              **18-cv-3648(SJF)(SIL)**

BRIAN FARRISH, JAMIE GREENWOOD, EVAN
LACZI, BASIL SEGGOS, NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                             Defendants.

**SUFFOLK COUNTY DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 56.1**

Dated: Hauppauge, New York
       November 18, 2019                Respectfully Submitted,

                                                  Dennis M. Brown
                                                  Suffolk County Attorney
                                                  Attorney for Defendants
                                                  H. Lee Dennison Building
                                                  100 Veterans Memorial Highway
                                                  P.O. Box 6100
                                                  Hauppauge, New York  11788

                                                  BRIAN C. MITCHELL
                                                  Assistant County Attorney

TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

POINT I
DEFENDANT GREENWOOD IS ENTITLED
TO ABSOLUTE PROSECUTORIAL IMMUNITY ...................................................................... 3

POINT II
THE CLAIM AGAINST DEFENDANT GREENWOOD
IN HER OFFICIAL CAPACITY MUST BE DISMISSED
BASED UPON SOVEREIGN IMMUNITY ................................................................................ 5

POINT III
THE REQUEST FOR DECLARATORY RELIEF
IS BARRED BY THE YOUNGER DOCTRINE ........................................................................ 8

CONCLUSION ................................................................................................................. 10

## PRELIMINARY STATEMENT

Jamie Greenwood and the Suffolk County District Attorney's Office[1] (County Defendants), Defendants in this Civil Rights action pursuant to 42 U.S.C. §1981 and §1982, submit this memorandum of law in reply to the plaintiffs' opposition to the County Defendants' motion for summary judgment dismissing the Complaint ("the complaint") filed by the plaintiffs.

On June 22, 2018, the plaintiffs David Silva, Gerrod Smith and Jonathan Smith filed a complaint pursuant to 42 U.S.C. §1981 and §1982 alleging a Pattern of Illegal Racial Discrimination as against them by the defendants and seeking monetary damages; the complaint also seeks declaratory relief against the defendants. The claims against defendant Assistant District Attorney Jamie Greenwood arise out of ADA Greenwood's role in the prosecution of defendant Silva in a criminal action in Southampton Town Justice Court. On June 5, 2019, after a bench trial, plaintiff Silva was convicted of the offense of ECL 13-0355 (fishing without a license) by the Hon. Gary J. Webber, Southampton Town Justice. He was found not guilty of two other offenses relating to taking undersized eels. ADA Greenwood is sued in her individual and official capacity.

As noted in our original memorandum of law, the claims against ADA Greenwood in her individual capacity must be dismissed based upon absolute prosecutorial immunity. In opposition, the plaintiffs claim that ADA Greenwood is not entitled to absolute prosecutorial immunity arguing that she was acting without authority or in the absence of jurisdiction and as such is not entitled to absolute prosecutorial immunity. As explained below, these arguments are wholly without merit.

---

[1] The County submits that the Suffolk County District Attorney's Office is not an entity susceptible to suit. *Steed v. Delohery,* No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998). To the extent the claims may be construed as against the County of Suffolk, they are addressed *infra*.

1

The claims against ADA Greenwood in her official capacity, must be construed as claims against the State of New York and accordingly they must be dismissed based upon Sovereign Immunity, and plaintiffs' reliance on *Ex Parte Young* to overcome that immunity are similarly baseless. To the extent the claims against her in her official capacity can be construed as claims against the County of Suffolk, they must be dismissed as the plaintiffs have failed to plead that the alleged conduct was the result of a practice or custom of the County. In fact, in advancing an argument pursuant to *Ex Parte Young* to try and overcome Sovereign Immunity, the plaintiffs' have abandoned any *Monell* claim against the County. *See, Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). Moreover, the plaintiffs have not even interposed an opposition to the County's motion to dismiss any perceived Monell against it, and accordingly that portion of the County's motion should be granted unopposed.

Notwithstanding clear law to the contrary, the plaintiffs still persist in their belief that the Suffolk County District Attorney's Office is an entity susceptible to suit. Ironically, in arguing that the Office of the District Attorney can be sued, the plaintiffs' only bolster the County's argument that claims asserted against individual municipal employees in their official capacities are tantamount to claims against the municipality itself. Regardless of the plaintiffs' continued insistence that the Suffolk County District Attorney's Office is susceptible to suit, it is of no moment, as claims in their official capacity are claims against the municipality, which in this case are claims against the State. As noted, claims against the State are barred by Sovereign Immunity.

Lastly, and most significantly, the Court should abstain from any intervention in the State proceedings under the Younger Abstention doctrine.

# POINT I

## DEFENDANT GREENWOOD IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY

The basis for the plaintiffs' claims against Assistant District Attorney Greenwood are solely based upon her role in the prosecution of defendant Silva in a pending criminal action in Southampton Town Justice Court. But for the following paragraph, the complaint is void as to any conduct attributable to ADA Greenwood:

> This case is presently lodged and pending in the Southampton Town Justice Court as Case No. 17-7008 and is being prosecuted by Greenwood. Silva's attempt to obtain a voluntary dismissal by Greenwood was unsuccessful, and Silva's motion to dismiss for lack of jurisdiction was denied by that court. Over Silva's objection, that case is presently scheduled for trial on August 30, 2018 at 9:00 am. (See Compliant at PP. 20)

Plaintiffs appear to acknowledge that their claim against ADA Greenwood in her prosecutorial role is baseless, and attempt to breathe life into the otherwise meritless claim by alleging that ADA Greenwood acted without authority or in the clear absence of jurisdiction. To do so, the plaintiffs engage in a detailed argument regarding the exceptions to *sovereign immunity* discussed in *Ex Parte Young*, 209 U.S. 123 (1908). They also conflate the two forms of immunity (prosecutorial vs. sovereign) by pointing out, quite correctly, that ADA Greenwood was acting in and is being sued in her individual capacity in her role in the prosecution of the plaintiffs. (See Plaintiffs' MOL in Opposition at p. 3). It is in this individual role that ADA Greenwood is afforded absolute prosecutorial immunity and as such the claim against her must be dismissed.

To the extent the plaintiffs claim that ADA Greenwood was acting in the absence of jurisdiction, the actions taken by ADA Greenwood in prosecuting the charges against the

3

plaintiff Silva were wholly authorized by statute and it cannot be said that she acted in clear absence of jurisdiction.

The Second Circuit has held that absolute prosecutorial immunity will apply when attorneys are performing a prosecutorial function unless they act without any colorable claim of authority or proceed in the clear absence of all jurisdiction. *Barr v. Abrams*, 810 F.2d 358 (2d Cir, 1987); *Rudow v. City of New York,* 822 F.2d 324 (2d Cir, 1987). In considering whether a given prosecution was clearly beyond the scope of a prosecutor's jurisdiction, or if there was at least a colorable claim of authority, courts will look to whether relevant statutes authorize prosecution for the charged conduct. *Shmueli v. City of New York*, 424 F.3d 231 (2d. Cir. 2005); *Bernard v. County of Suffolk,* 356 F.3d 495 (2d. Cir. 2004). The issue is not whether the conduct undertaken was done with good or bad motive, or that the defendant acted in excess of authority, the question is whether the kind of conduct is that authorized of prosecutors. *Rudow v. City of New York,* 822 F.2d 324 (2d Cir, 1987); *Barret v. United States*, 798 F.2d 565 (2d Cir, 1986). It is only when the prosecutor acts in the "clear absence of all jurisdiction" and not merely in excess of his jurisdiction that they will be subjected to liability. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Lerwill v. Joslin*, 712 F.2d 435 (10th Cir. 1983).[2] Moreover, when determining if a prosecutor has lost her absolute immunity by committing a prosecutorial act beyond the scope of her authority, that authority should be interpreted broadly. *Stump*, 435 U.S. at 356. 98 S.Ct. at 1104.

Under New York law the duties and authorities of a district attorney are codified within section 700 of the New York County Law. *N.Y. County Law § 700 (McKinney)*. Pursuant to that statute "it shall be the duty of every District Attorney to conduct all prosecutions for crimes and

---

[2] While Stump involved judicial immunity the same concepts are generally applied to a prosecutor's quasi-judicial immunity as well. Butz v. Economou, 438 U.S. 478 (1978).

4

offenses cognizable by the courts of the county for which he or she shall have been elected or appointed." Plaintiff Silva has been charged with violations of crimes or offenses defined within the New York Code of Rules and Regulations and the New York Environmental Conservation Law. As such all of the conduct undertaken by the defendant Greenwood in prosecuting the plaintiff was and is wholly authorized by statute and clearly the kind of conduct authorized of prosecutors.

As stated above, the standard in evaluating whether a prosecutor will lose the protection of absolute immunity is the "clear absence of jurisdiction" or where conduct is not "colorably prosecutorial in nature". Merely acting in excess of enumerated authority is not sufficient to defeat a claim of prosecutorial immunity. As the conduct of ADA Greenwood in prosecuting the plaintiff was and is colorably prosecutorial and well within the defined statutory authority, it cannot be said that she acted in the "clear absence of jurisdiction". When coupled with the applicable standard of interpreting that authority broadly, the action of the defendant must be afforded absolute immunity.

Plaintiffs' fleeting arguments that internal e-mails with the New York State DEC establish a scheme to wrongly prosecute the plaintiffs should be dismissed outright by this Court as 1) the cited e-mails do not establish any such "scheme", and 2) ADA Greenwood is not a party to any of the emails.

## POINT II

### THE CLAIM AGAINST DEFENDANT GREENWOOD IN HER OFFICIAL CAPACITY MUST BE DISMISSED BASED UPON SOVEREIGN IMMUNITY

To the extent that defendant Greenwood is being sued in her official capacity as an Assistant District Attorney of Suffolk County, this claim must fail pursuant to the doctrine of

5

state sovereign immunity. Actions taken in her prosecutorial role represent New York State's interests and are thus shielded from suit under the Eleventh Amendment. *Ying Jing Gan,* 996 F.2d at 536; ("[A] District Attorney is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters") (internal quotation marks omitted); *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988) ( "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the state not the county"), *cert. denied,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989); see also, *Jackson v. County of Nassau,*, 2009 WL 393640 at *4 (E.D.N.Y. 2009).

The plaintiffs argument that the State is not entitled to sovereign immunity under the exceptions found in *Ex Parte Young*, 209 U.S. 123 (1908), is addressed at length in the Memorandum of Law submitted by the New York State Defendants in support of their summary judgment motion, and the County defendants rely upon and respectfully request the Court incorporate those arguments herein as part of this reply.

Further, to the extent the claims against ADA Greenwood in her official capacity can be construed as claims against the County of Suffolk, they must be dismissed as the plaintiff has failed to plead that the alleged conduct was the result of a practice or custom of the County. In fact, in advancing an argument pursuant to *Ex Parte Young* to try and overcome Sovereign Immunity, the plaintiffs' concede that ADA Greenwood was a New York State actor, and in doing so have abandoned any *Monell* claim against the County. *See, Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). Further, the plaintiffs have not even interposed an opposition to the County's motion to dismiss any perceived *Monell* claim against it, and accordingly that portion of the County's motion should be granted unopposed.

### *Claims Against the District Attorney's Office*

Notwithstanding clear law to the contrary, the plaintiffs still persist in their belief that the Suffolk County District Attorney's Office is an entity susceptible to suit. Ironically, in arguing that the Office of the District Attorney can be sued, the plaintiffs only bolster the County's argument that claims asserted against individual municipal employees in their official capacities are tantamount to claims against the municipality itself. *Vargas v City of New York*, 105 AD3d 834, 837 [2d Dept 2013], lv granted 22 NY3d 858 [2013]; see *Hafer v Melo*, 502 US 21, 25 [1991]). Regardless of the plaintiffs' continued insistence that the Suffolk County District Attorney's Office is susceptible to suit, it is of no moment, as claims in their official capacity are claims against the municipality, which in this case are claims against the State. As noted, claims against the State are barred by Sovereign Immunity.

Confusing the issue further, the plaintiffs interchange the phrase "Office of the District Attorney" (an entity that cannot be sued) with that of "Defendant DA" (apparently referring to the District Attorney himself). They then go on to state "To the extent the Defendant DA is not a legal entity, which it is, that part of the action should be construed as brought against the DA in his personal and official capacities under *Ex parte Young*" (Plaintiff MOL at p.17). For the first time, the plaintiffs now seek to sue the District Attorney himself, not only individually, but also in his official capacity. Even if the Court were to permit an amendment to the complaint through the plaintiffs memorandum in opposition, such amendment is futile as 1) the complaint is silent as to the personal involvement of the District Attorney (*see, Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107 (2d Cir. 2004); *Platt v. Incorporated Village of Southampton*, 391 Fed. Appx. 62,65 (2d Cir. 2010); and 2) when the District Attorney acts in his official capacity as a prosecutor, he does so as a State actor and there can be no liability against the County.

7

# POINT III

## THE REQUEST FOR DECLARATORY RELIEF IS BARRED BY THE YOUNGER DOCTRINE

The Court in the instant matter should abstain from any intervention in the State proceedings under the Younger Abstention doctrine. "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 755 (1971)). Under *Younger* and its progeny, "abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). "The relevant question under *Younger* is 'whether the state's procedural remedies *could* provide the relief sought[,] [not] . . . whether the state will provide' the constitutional ruling which the plaintiff seeks." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003) (emphasis and second and third alterations in original) (quoting *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000)).

As noted in our original moving papers, in denying the plaintiff's initial request for injunctive relief, this Honorable Court ruled that, under *Younger*, the Court was required to abstain from granting the injunctive relief requested by Silva. *See* DE [48] at 9. In reaching that conclusion, the Court reasoned that: (i) there was a pending State proceeding, namely, the subject criminal action against Silva in the Justice Court; (ii) that proceeding involved the "State's enforcement of its generally applicable fishing regulations outside of reservation boundaries, implicating an important state interest"; and (iii) there was no indication that Silva had been, or would be, deprived of "an adequate opportunity for judicial review of his

8

constitutional claim." *Id.* (citations omitted). The Court also determined that neither of the exceptions exception to the *Younger* doctrine applied. *Id.* at 9-10. The Court determined that the plaintiffs did not establish bad faith, nor was there a pattern of harassment or evidence to support a finding of retaliation on the part of the State actors. Moreover, the Court concluded that no extraordinary circumstances existed, observing that "the trial before Judge Weber in [the] Justice Court provides Silva with a meaningful, timely, and adequate means to address his alleged constitutional violation[,] . . . and there is nothing indicating [that] Silva will suffer 'great and immediate' harm" absent this Court's intervention. *Id.* (citations omitted).

Nothing has changed since the Court issued its decision on the plaintiffs' request for injunctive relief, except that the plaintiff has been convicted on one of the charges against him. Notwithstanding the conclusion of the trial in the State matter, *Younger* abstention still applies, as Silva has not been, or would be, deprived of "an adequate opportunity for judicial review of his constitutional claim." Indeed, Silva may still challenge the alleged constitutional infirmities to his conviction through direct appeal in the State Court system. *Levy v. Lerner*, 853 F. Supp. 636, 641 (E.D.N.Y. 1994) (applying *Younger* abstention where the opportunity for plaintiff to appeal his conviction available, and where plaintiff had filed notice of appeal). "A state action is considered 'pending' for *Younger* purposes through the completion of the state appeals process, even if the federal plaintiff has failed to exercise his state appellate rights." *Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 559 (E.D.N.Y. 2014). As such, Younger abstention is appropriate and the Court is barred from considering the plaintiffs' claims for declaratory relief.

9

## CONCLUSION

Based on the forgoing, defendants Jamie Greenwood and the Suffolk County District Attorney's Office respectfully request that this Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. Rule 56 dismissing the complaint.

Dated:  Hauppauge, New York
 November 18, 2019

> *Brian C. Mitchell*
> By: Brian C. Mitchell
>   Assistant County Attorney