

# MOORE
### INTERNATIONAL LAW  PLLC

**INTERNATIONAL LEGAL MATTERS**

WRITER:  SCOTT MICHAEL MOORE
SMM@MILOPC.COM

**ROCKEFELLER CENTER**
**45 ROCKEFELLER PLAZA, 20TH FLOOR**
**NEW YORK, NEW YORK  10111  USA**
**TELEPHONE: + (212) 332-3474**
**FACSIMILE:  + (212) 332-3475**
**WWW.MILOPC.COM**

LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN ONLY
LONDON COURT OF INTERNATIONAL ARBITRATION

Via ECF

4 February 2020

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Silva et al v. Farrish et al*, Case No. 18-cv-3648 (EDNY) (SJF)(SIL)

Dear Judge Feuerstein:

    This firm represents the Plaintiffs in the above referenced case. Pending are the State and County Defendants' motions for summary judgment. For the reasons below, Plaintiffs respectfully request leave to file the annexed proposed exhibits 43 and 44 in opposition to the State Defendants' motion.

    Of moment is a recent January 22, 2020 press release by Defendant DEC, annexed hereto as proposed Exhibit 43, quoting Defendant DEC Commissioner Seggos. The press release extolls a recent Tribal/State agreement with the Saint Regis Mohawk Tribe relating to shared interests in the St. Lawrence Seaway. This press release not only undercuts the State Defendants' assertion of the doctrine of conservation necessity in this case, but makes the argument disingenuous. The DEC press release supports Plaintiffs' argument in their memorandum of law in opposition to State Defendants motion for summary judgment, (ECF No. 84-13), under heading G at pages 27 to 31, "The State cannot regulate those fishing rights." As pointed out by Plaintiffs, "the State Defendants' American eel debunked pretext for suppressing Shinnecock rights do not provide any facts or law justifying a "conservation necessity" in discussion of *Mille Lacs, Herrera, and Cougar Den*. Pls. MOL, p. 31.

    Clearly following the mandate of the DEC's own policy, CP 42, the DEC announces "the signing of a historic agreement that will help accelerate restoration of natural resources and traditional Native American uses within the St. Lawrence River Area of Concern (AOC) near Massena, New York, and the Akwesasne Territory. This cooperative agreement is the first of its kind across the United States portion of the Great Lakes and provides a new roadmap for

4 February 2020
Page 2 of 2


MOORE
INTERNATIONAL LAW PLLC

coordinating studies and restoring natural and cultural resource uses between the two government agencies, while recognizing their unique jurisdictions and shared interests."

Defendant Seggos is quoted as stating "[t]he formalization of this agreement is the culmination of a new, exciting, and historic partnership between the Saint Regis Mohawk Tribal Council and New York State." Additionally, the DEC has agreed to rename the affected area to include the tribal interests. "A new map has been developed that captures the extent of the Akwesasne Territory and identifies traditional use areas within the AOC. The map also identifies areas of the Akwesasne community that are overseen by respective Mohawk governments, which will now be used to better inform and coordinate efforts…."

The main points of the press release:

- "accelerate restoration of natural resources and <u>traditional Native American uses</u> within the St. Lawrence River Area of Concern"
- "restoring natural and <u>cultural resource</u> uses between the two government agencies, while recognizing their <u>unique jurisdictions and shared interests</u>"
- "developing resource <u>restoration plans to include both natural and cultural resources</u> within the AOC"
- "A new map has been developed that captures the extent of the Akwesasne Territory and <u>identifies traditional use areas</u> within the AOC"
[emphasis added]

In addition to better understanding native use rights, the map attached to the DEC press release, annexed hereto as proposed Exhibit 44, defines several off-reservation "traditional use areas" (water rights) of the St. Regis Mohawk. The State recognizing unique state/tribal jurisdictions and shared interests in the waterways in this press release and map corroborates Plaintiffs' repeated statement, "even when the Shinnecock Indian Nation has absolute and uncontested control of a resource, it shares it with non-Indian neighbors."

For the above reasons, Plaintiffs respectfully request leave to file proposed exhibits 43 and 44 in opposition to the State Defendants' motion for summary judgment.

Respectfully submitted,

**MOORE INTERNATIONAL LAW PLLC**

BY:   /s/  Scott M. Moore

Scott Michael Moore
Attorney at Law
Counsel for Plaintiffs

cc:   All counsel of record, via ECF.