# COUNTY OF SUFFOLK



**STEVE BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. COHEN**　　　　　　　　　　　　　　　　　　　　　　　　**DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

June 16, 2020

Hon. Sandra J. Feuerstein
United States District Judge.
Eastern District of New York
100 Federal Plaza
Central Islip, New York

Re:  <u>Silva et al. v. Farrish, et al</u>
　　　CV-18-3648 (SJF)(SIL)

Dear Judge Feuerstein:

This office represents Assistant District Attorney Jamie Greenwood and the Suffolk County District Attorney's Office (County defendants) in the above referenced action.   The County defendants respectfully submit this letter in opposition to the plaintiffs' objections to the Report and Recommendation of the Hon. Steven I. Locke recommending that the County's motion for summary judgment pursuant to Fed. R. Civ. P 56 be granted. (See Report and Recommendation Docket Entry 89, dated May 27, 2020).  We respectfully request that the plaintiffs' opposition to the Report and Recommendation be denied and that the Court adopt the findings of Judge Locke in their entirety, grant the County summary judgment and dismiss this matter with prejudiced.

In recommending that the County's motion be granted, Judge Lock found that ADA Greenwood was entitled to absolute prosecutorial immunity; that the Suffolk County District Attorney's Office (SCDAO) was not and entity susceptible to suit; and that the claims against ADA Greenwood in her official capacity and against the SADAO should not be construed as claims against the County, but rather against the State.    The Court also found that it's analysis underlying the granting of the State's motion for summary judgment as to the Plaintiffs' claims for injunctive and declaratory relief applied equally to any possible construed claims for declaratory relief against the County.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein without *de novo* review, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). When "a party submits a timely objection to a report and recommendation, the

district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon,* 10–CV–268 (JFB)(AKT), 2012 WL 4344188, at * 1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  See, *Harrison v. New York*  WL 1413359, 1 -2  (E.D.N.Y., 2015).

In their objections to the Report and Recommendation the plaintiffs claim that the Court failed to adequately consider emails exchanged between the State defendants in determining whether ADA Greenwood is entitled to absolute prosecutorial immunity.  The plaintiffs concede that Greenwood was not a party to the subject emails, but argue that her mere knowledge of the emails somehow should defeat an application of the immunity doctrine.    What the plaintiffs fail to recognize, but Judge Locke clearly did, is that "a prosecutor enjoys absolute immunity from a civil suit premised on the "initiation and pursuit of a criminal prosecution[]" and for any acts taken in "present[ing] . . . the [s]tate's case at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613 (1993); see also *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976)."   In other words, a state prosecutor enjoys absolute immunity when engaged in activities that are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012).

The plaintiffs very opposition to the Court's Report and Recommendation  notes that Greenwood "handed [the emails] to the defense *during Silva's trial proceedings*." (See Plaintiff's Objections MOL Page 14, emphasis added).   Clearly, the actions described by the plaintiffs by Greenwood were intimately associated with the judicial phase of the criminal process.  Accordingly, she is entitled to absolute prosecutorial immunity, and the Report and Recommendation of Judge Locke should be sustained.

Plaintiffs also object to the Court's determination that the Suffolk County District Attorney's Office (SCDAO) is not and entity susceptible to suit.  Notwithstanding the Court's clear recitation of the applicable law and the "uniformly recognized principle that district attorneys' offices in New York are not subject to suit", the plaintiffs persist in their belief that such an entity should be subject to suit.   While the plaintiffs claim that the Court disregarded their argument based upon the representation of the District Attorney's Office that it owns intellectual property rights, the opposite is true.   The Court indeed considered their argument, and found it to be wholly without merit and noted that the plaintiffs "identify no legal support for their theory that these characteristics have any bearing on the SCDA's status as an "administrative arm" of the County.

While the plaintiffs object to the Court's determination that the claims against Greenwood in her official capacity must be construed as against the State, they fail to make any substantive argument in support of this objection, beyond the objections themselves.   The Court need not consider such unsupported and perfunctory "objections" to a Report and Recommendation. *Edwards v. Fischer*, 414 F. Supp. 2d at 346-347.

Lastly, the plaintiffs claim that the Court erred in determining that the plaintiffs' claims for injunctive and declaratory relief were bared by the *Younger* Abstention doctrine.  "*Younger*

generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 755 (1971)).   Initially, it should be noted that the plaintiff raises the argument against *Younger* abstention for the first time in their objection to the Report and Recommendation. Judge Locke recognized this as well: "the Court notes that Plaintiffs do not raise any new arguments with respect to Younger abstention and Ex parte Young in opposition to the County Defendants' Motion for Summary Judgment. See Pl. Opp. to County Def. Mtn., 3-16." (See Footnote 25, Page 38 of Report and Recommendation).   As plaintiffs failed to raise this argument at all in their opposition to the County's motion for summary judgment  it should not be considered by this Court at this stage of the proceeding.

Moreover,  the arguments set forth by the plaintiffs are simply a repeat of those made in their opposition to the State defendants' motion for summary judgment and do not directly address the findings of Magistrate Judge Locke.   Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal "such that no party be allowed a second bite at the apple by simply re-litigating a prior argument." *Pinkney v. Progressive Home Health Servs.,* No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008); *see also Walker v. Vaughan,* 216 F.Supp.2d 290, 292 (S.D.N.Y.2002); *Duren v. County of Nassau*, WL 5406443, 1 -2 (E.D.N.Y.,2013).

A review of Judge Locke's Report and Recommendation reveals that it contains a thorough analysis of the facts and is well reasoned and fully supported by the applicable law.   The factual and legal basis of the finding of Magistrate Locke are not clearly erroneous and accordingly, the Court should adopt the Report and Recommendation in its entirety and grant the County's motion for summary judgment.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

By: /s/ *Brian C. Mitchell*
    Brian C. Mitchell
    Assistant County Attorney

Scott M. Moore, Esq
Attorney for Plaintiffs (Via ECF)
Richard H. Yorke, Esq
Attorney for New York State Defendants (Via ECF)