UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID T. SILVA,
GERROD T. SMITH, and
JONATHAN K. SMITH,
Members of the Shinnecock Indian Nation,

                Plaintiffs,                      CV 18-3648
                                                    (SJF)(SIL)

    -against-

BRIAN FARRISH, JAMIE GREENWOOD, EVAN
LACZI, BASIL SEGGOS, NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, and SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE,

                Defendants.
------------------------------------------------------------------x

## STATE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS

                                      LETITIA JAMES
                                      Attorney General of the State of New York
                                      200 Old Country Road, Suite 240
                                      Mineola, New York 11501
                                      (516) 248-3302
                                      Attorneys for State Defendants


                                      RICHARD HUNTER YORKE
                                      Assistant Attorney General
                                      Of Counsel

**PRELIMINARY STATEMENT**

Defendants New York State Department of Environmental Conservation, Basil Seggos, Brian Farrish, and Evan Laczi ("State Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Objections, dated June 10, 2020, D.E. 90 ("Pls' Objections") to Magistrate Judge Locke's Report and Recommendations, dated May 27, 2020, D.E. 89 ("R&R").

Plaintiffs' Objections are a resurrection of their earlier arguments, offering nothing beyond the arguments from their papers in opposition to summary judgment. As Plaintiffs' arguments are mere repetition of their opposition to the motions for summary judgment, the Court need only review Magistrate Judge Locke's R&R for clear error. As the R&R is thorough and well-reasoned, containing no error of fact or law, the Court should accept it in its entirety, and grant State Defendants' motion for summary judgment.

**STANDARD OF REVIEW**

Where a specific, timely objection has been made to any portion of a Report and Recommendation, the District Court Judge reviews that portion *de novo*. *See Harper v. Brooklyn Children's Ctr.*, 2014 U.S. Dist. LEXIS 37649, *2 (E.D.N.Y. March 20, 2014). However, "[g]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review because such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" *Stair v. Calhoun*, 2015 U.S. Dist. LEXIS 42766, *3 (E.D.N.Y. March 31, 2015)(internal citations omitted). Instead, if a party merely reiterates their original arguments, the court reviews the Report and Recommendations for clear error only. *See Brooks v. Educ. Bus Transp.*, 2015 U.S. Dist. LEXIS 153309, *3 (E.D.N.Y. November 12, 2015).

Clear error will be found, after review of the entire record, only if a court is left with the "definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006); *Farmer v. Fzoad.com Enters.*, 2019 U.S. Dist. LEXIS 142208, *5, 2019 WL 3948175 (S.D.N.Y. Aug 21, 2019).

"Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013)(internal citations omitted); *see also Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015)("it is well-established in this district and circuit that a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

## ARGUMENT

Plaintiffs' Objections fail because they merely regurgitate their prior arguments. In arguing against Eleventh Amendment Sovereign Immunity, Plaintiffs repeat the arguments of their Memorandum of Law in Opposition to the State Defendants' Motion for Summary Judgment, D.E. 84-13 ("Pls' Opp."). Likewise, in arguing against *Younger* abstention, Plaintiffs simply reiterate the arguments from their opposition to summary judgment. In alleging discriminatory intent under 42 U.S.C. §§ 1981, 1982, Plaintiffs rehash prior arguments they have unsuccessfully advanced throughout this litigation. Likewise, Plaintiffs have merely reiterated their prior arguments concerning standing, and Defendant Seggos' personal involvement. Further, in objecting to the R&R's recitation of relevant facts, Plaintiffs' true objection is that the R&R did not apply their ultimate legal theories and conclusions as "facts."

In short, rather than making proper objections to the R&R, Plaintiffs have attempted the improper second bite at the apple through their papers.

### **Plaintiffs' Irrelevant Documents Were Properly Denied**

Plaintiffs objects to the R&R's recommendation that leave to file their proposed exhibits be denied. Plaintiffs—as they do throughout their objections—merely reiterate the arguments already made. However, the R&R was correct to conclude that these proposed exhibits are irrelevant.

As noted by the R&R, the documents that Plaintiffs proposed concerned an entirely different subject from this case: specifically, remediation of pollution in the St. Lawrence River. They involved an entirely different geographic area, and an entirely different tribe—the Saint Regis Mohawk Tribe—with an entirely different historical context. As the R&R points out, there is no mention of elver eels, or fishing regulation more broadly.

Plaintiffs offered these documents without context, and without a persuasive argument of how they are relevant to the facts at issue in this lawsuit. The R&R notes that Plaintiffs failed to draw any connection between the press release and their opposition to the motion for summary judgment. Now, to draw a tenuous connection, Plaintiffs conclude with unsupported speculations that the elver eel must be "implicit" in the "use rights" that are the subject matter of the press release. Unsurprisingly, Plaintiffs do not so much as attempt to support their speculation. There was no error in the R&R, as the press release is entirely irrelevant to this lawsuit.

**Plaintiffs Mischaracterize Their Legal Arguments as Relevant Facts**

Plaintiffs state that they object to the relevant facts section of the R&R.  *See* Pls' Objections at p. 5.  However, a review of their papers reveals their true objection—that their ultimate legal argument of retained aboriginal rights was not regarded as a "fact" by the R&R.

Moreover, the R&R's analysis is based upon sovereign immunity, jurisdictional arguments, and standing.  Plaintiffs' proposed "facts" are not relevant to this legal analysis.  Indeed, their inclusion would further support the R&R's analysis that the true nature of Plaintiffs' claims requires the application of *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 282 (1997) and *W. Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 22 (2d Cir. 2004).  This is because these "facts" further support the assertion that Plaintiffs seek "a determination that the lands in question are not even within the regulatory jurisdiction of the State." *Id.*, citing *Coeur D'Alene*. *W. Mohegan Tribe*, 395 F.3d at 23.  Plaintiffs' "facts" continue to press their ultimate argument that they have unextinguished aboriginal rights that negate the State's regulatory authority, that the area in question is "disputed" and is in fact under the jurisdiction of the Shinnecock tribe, and that the boundaries of the Shinnecock reservation are not settled.  Despite Plaintiffs' protestations, these are precisely the claims of unreliquished rights, contested sovereignty, and lack of state regulatory jurisdiction that led the Courts to conclude that the Eleventh Amendment barred suit in *Coeur D'Alene* and *W. Mohegan Tribe*.

Plaintiffs' objections concerning the personal involvement of Commissioner Seggos simply reiterate the arguments of their opposition to summary judgment.  *See* Pls' Opp. at pp. 33-34, D.E. 84-13.  Plaintiffs rely on the same out-of-context arguments that in fact show no personal involvement on the part of Seggos.  Plaintiffs are unable to show the required personal involvement of Commissioner Seggos as to these intentional discrimination statutes.  Where

4

objections merely rehash arguments presented to the Magistrate Judge, the standard of review by the District Court is not *de novo* but clear error. *See Sibley v. Choice Hotels Int'l, Inc*., 304 F.R.D. 125, 130, 2015 U.S. Dist. LEXIS 319 (E.D.N.Y. 2015).

## **The R&R Correctly Concludes that *Ex Parte Young* Does Not Apply**

Plaintiffs perfunctorily object to the R&R's analysis of Eleventh Amendment Sovereign Immunity and the non-application of the *Ex Parte Young* exception under *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261 (1997), and *W. Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18 (2d Cir. 2004). However, Plaintiffs point to no error of law or analysis in the R&R's application of these precedents.

Plaintiffs claim that the R&R misstates the relief they seek, and claim that they seek only a "use right" of the waters. Plaintiffs parrot an argument they made in opposition to the State Defendants' motion for summary judgment. *See* Pls' Opp. at pp. 3-8, D.E. 84-13. This is again a reiteration of prior arguments, requiring only review for clear error. *Sibley v. Choice Hotels Int'l, Inc*., 304 F.R.D. 125, 130.

Plaintiffs' arguments in fact reinforce the application of *Coeur d'Alene* and *W. Mohegan*. Plaintiffs' protestation that they seek a mere "use right" is spurious, because to claim such a right, they argue that ownership of the waters is contested, and in fact their aboriginal title was never extinguished. Plaintiffs seek to be exclusively free from any state regulation in "usual and customary Shinnecock fishing waters," and in fact argue that they maintain aboriginal title. Their assertion that they seek an ill-defined "use right" falls flat. Plaintiffs seek a determination that the State does not have regulatory jurisdiction over what they consider "contested" waters. The analysis of the Report and Recommendation is correct.

5

Plaintiffs' reliance on two recent Native American Supreme Court cases, *Herrera v. Wyoming*, 139 S. Ct. 1686 (2019) and *Wash. State Dep't of Licensing v. Cougar Den, Inc.*, 139 S. Ct. 1000 (2019), is misplaced, and Plaintiffs do not articulate how these inapposite cases alter the analysis of the R&R.  As pointed out by Plaintiffs, these are explicit treaty law cases that addressed congressional intent and interpretation of specific treaty terms; these cases do not address the claims Plaintiffs make here of having unextinguished aboriginal rights.  Nor do they address sovereign immunity or the application of *Coeur d'Alene* and *W. Mohegan*.  Their similarity ends at the fact that they are Native American law cases.

Likewise, Plaintiffs' reliance on *Unkechaug Indian Nation v. NYS Dept. of Environmental Conservation* is misdirected, as Judge Kuntz's decision on the motion to dismiss did not analyze or even address *Coeur d'Alene* and *W. Mohegan*, in stark contrast to the R&R here.  See *Unkechaug Indian Nation v. New York State Dep't of Envtl. Conservation*, 2019 U.S. Dist. LEXIS 73727, 2019 WL 1872952 (E.D.N.Y. April 23, 2019).

### **The R&R Correctly Concludes that *Younger* Abstention Applies**

Plaintiffs attempt to avoid the bar of *Younger* abstention by claiming that they abandoned their state court appeal.  However, as correctly noted in the R&R, "A state action is considered pending for *Younger* purposes through the completion of the state appeals process, even if the federal plaintiff has failed to exercise his state appellate rights."  *Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 559 (E.D.N.Y. 2014)(internal citations and quotations omitted); *see also Sei Young Choi v. Young Jin Kim*, 1997 U.S. Dist. LEXIS 15630 (E.D.N.Y. 1997) (same), *aff'd* 166 F.3d 1201 (2d Cir. 1998); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (stating "a necessary concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court . . ."). It is irrelevant that Plaintiffs

6

believe that appeal was futile. *See Glatzer v. Barone*, 394 Fed. Appx. 763, 765 (2d Cir. 2010); *Hassan v. Marks*, 2017 U.S. Dist. LEXIS 130931, *14-15 (E.D.N.Y. Aug. 15, 2017) (Locke, M.J.).

Plaintiffs repeat their prior argument that a bad faith exception to *Younger* abstention applies. As Plaintiffs merely rehash prior arguments, the Court need only review this section of the R&R for clear error. *See Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 204 (E.D.N.Y. 2015).

Plaintiffs resurrect their argument that bad faith applies due to State Defendants' failure to consult with the Shinnecock Indian Nation pursuant to a publicly available 2009 DEC document: CP-42, Contact, Cooperation, and Consultation with Indian Nations.[1] As Plaintiffs' argument merely reprises their previous argument in opposition to State Defendants' motion for summary judgment (Pls' Opp. at pp. 8-13, D.E. 84-13), the Court need only review for clear error. *Bartels*, 97 F. Supp. 3d at 204. Plaintiffs also repeat their meritless arguments regarding the Affidavit of James Gilmore, which was submitted in this litigation in opposition to Plaintiffs' motion for a preliminary injunction. Unable to address the R&R's analysis that Plaintiffs failed to demonstrate that the Gilmore Affidavit was used in Plaintiff Silva's prosecution or demonstrated bad faith in the prosecution's motivation, Plaintiffs instead vaguely insinuate that Gilmore is "a highly placed person within State Defendant NYSDEC's agency" and that "he is consulted before, during and after many official actions . . ." Plaintiffs' fanciful argument is inadequate, where they have failed to demonstrate any bad faith.

---

[1] <https://www.dec.ny.gov/docs/permits_ej_operations_pdf/cp42.pdf> (last visited 6/17/20)

7

**Plaintiffs Gerrod and Jonathan Lack Standing**

As Plaintiffs once again reiterate their arguments from their opposition to summary judgment, *see* Pls' Opp. at pp. 14-15, D.E. 84-13, the Court need only review the portion of the R&R addressing standing for clear error. *See Watson v. Astrue*, 2010 U.S. Dist. LEXIS 39717, *2 (S.D.N.Y. 2010)("To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.")(internal citations omitted).

Plaintiffs' Complaint alleged only that Gerrod and Jonathan were subject to temporally remote dismissed prosecutions. These dismissed proceedings are over a decade old. These remote prosecutions, unrelated to the elver eel, fail to demonstrate a concrete and particularized injury. As stated now three times in this case, Plaintiffs Gerrod and Jonathan lack standing because their request for injunctive relief is entirely speculative and remote. *See* Memorandum and Order of Hon. Feuerstein, dated July 31, 2018, at pp. 10-11, D.E. 48; R&R, dated May 27, 2020 at pp. 27-28, D.E. 89; Report and Recommendations, dated January 7, 2019, pp. 36-39, D.E. 63. As stated in the R&R, Plaintiffs' reliance on *Unkechaug Indian Nation v. New York State Dep't of Envtl. Conservation*, 2019 U.S. Dist. LEXIS 73727, 2019 WL 1872952, is misplaced, as Plaintiffs here have articulated no concrete plan to show they could "reasonably expect to encounter a genuine threat of criminal prosecution in the future to confer standing," as was at issue in *Unkechaug*. Plaintiffs Gerrod and Jonathan have failed to demonstrate any evidence of continued fishing for elver eels—or indeed ever fishing for elver eels—or intent to do so, such that they could establish a concrete and particularized injury. R&R at p. 28, D.E. 89.

The R&R concludes that Plaintiffs lack standing as to the injunctive and declaratory relief they seek. This lack of standing precludes their claims, independent of the Eleventh

Amendment bar. R&R p. 28-29, D.E. 89. Plaintiffs' objections merely rehash their previous argument, and the Court need only review for clear error. *See Dimartino v. Berryhill*, 327 F. Supp. 3d 533, 535-536 (E.D.N.Y. 2018). Plaintiffs, in merely repeating prior arguments, attempt the forbidden second bite at the apple. *See Cabrera v. Schafer*, 2017 U.S. Dist. LEXIS 45685, *8 (E.D.N.Y. March 27, 2017).

### Plaintiffs' 42 U.S.C. §§ 1981, 1982 Claims Fail to Show Racial Animus

Plaintiffs fail to address the R&R's legal analysis of their Section 1981 and 1982 claims, instead making only a perfunctory objection, that does not shift this Court beyond a clear error review. *See Farmer v. Fzoad.com Enters.*, 2019 U.S. Dist. LEXIS 142208, *5, 2019 WL 3948175 (S.D.N.Y. Aug. 21, 2019). Plaintiffs recycle their argument that internal DEC emails and failure to consult with the Shinnecock tribe show that the Shinnecock people were racially profiled and targeted for prosecution. Pls' Opp. at pp. 32-33, D.E. 84-13. Plaintiffs continue to misunderstand their burden of showing the motivation of intentional racial discrimination under their individual capacity claims. The Court should review this section of the R&R for clear error only. *Reeder v. Young*, 2018 U.S. Dist. LEXIS 49145, *6 (N.D.N.Y. March 6, 2018)("when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.")(emphasis in original).

Further, Plaintiffs have failed to object to the R&R's analysis that Gerrod and Jonathan's claims are time-barred, thus that recommendation should be accepted.

The R&R's analysis is correct. Plaintiffs have alleged no facts showing that Plaintiffs were treated less favorably than white citizens, or that the State Defendants enforced the law in a

9

discriminatory manner, and that Defendants Farrish, Laczi or Seggos were motivated by racial animus.

## CONCLUSION

Judge Locke's R&R is well-reasoned and supported by the applicable law and facts. Plaintiffs have merely repeated their prior arguments, and the R&R is not clearly erroneous. For these reasons, State Defendants respectfully request that this Court accept the Report and Recommendations of Judge Locke in their entirety and grant the State Defendants' motion for summary judgment.

Dated: Mineola, New York
       June 23, 2020

                                                  LETITIA JAMES
                                                  Attorney General of the State of New York
                                                  Attorney for State Defendants

                                         By: /s/ Richard Yorke
                                                  Richard Hunter Yorke
                                                  Assistant Attorney General
                                                  200 Old Country Road - Suite 240
                                                  Mineola, New York 11501
                                                  (516) 248-3302

To:    Scott Michael Moore, Esq.
         Moore International Law PLLC
         45 Rockefeller Plaza, 20th Floor
         New York, New York 10111
         smm@milopc.com
         via ECF

         Brian C. Mitchell, Esq.
         Suffolk County Attorney
         H. Lee Dennison Building
         100 Veterans Memorial Hwy.
         P.O. Box 6100
         Hauppauge, NY 11788
         brian.mitchell@suffolkcountyny.gov
         via ECF