UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID T. SILVA, GERROD T. SMITH, and
JONATHAN K. SMITH,

                              Plaintiffs,

                                                                                           ORDER AND OPINION
             -against-                                      18-CV-3648 (SJF)(SIL)

BRIAN FARRISH, JAMIE GREENWOOD,
EVAN LACZI, NEW YORK STATE DEPARTMENT
OF ENVIRONMENTAL CONSERVATION,
SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, and BASIL SEGGOS,

                              Defendants.
-------------------------------------------------------------------X
FEUERSTEIN, District Judge:

Plaintiffs David Silva ("Silva"), Gerrod Smith ("Gerrod"), and Jonathan Smith ("Jonathan") (collectively, "Plaintiffs") commenced this action alleging, *inter alia*, that defendants[1] are responsible for a pattern of racially motivated criminal prosecutions against them and interference with their alleged un-relinquished aboriginal and retained rights to fish in the waters of Shinnecock Bay. On November 18, 2019, Defendants filed motions for summary judgment as to Plaintiffs' claims. *See* Motion, Docket Entry ("DE") [83, 84]. Pending before the Court are Plaintiffs' objections to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated May 27, 2020 (the "Report"), *see* DE [89], recommending, *inter alia*, that the Court deny Plaintiffs' motion seeking leave to

---

[1] Defendants Brian Farrish ("Farrish"), Evan Laczi ("Laczi"), Basil Seggos ("Seggos"), New York State Department of Environmental Conservation ("NYSDEC") will hereinafter be referred to as the "State Defendants." Jamie Greenwood ("Greenwood") and Suffolk County District Attorney's Office will hereinafter be referred to as the "County Defendants." All defendants will be referred to collectively as "Defendants."

file additional exhibits (DE [86]) and grant the State Defendants' and the County Defendants' motions for summary judgement. (DE [83, 84].) For the reasons set forth below, the Report is adopted in its entirety.

## I. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties may also serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Schoolfield v. Dep't of Corr.*, No. 91-CV-691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which the complaint was grounded, are conclusory and do not form specific basis for not adopting a report and recommendation).

General objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review[.]" *Owusu v. N.Y.S. Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only

conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014).

## II. PLAINTIFFS' OBJECTIONS TO THE REPORT

### A. **The Report correctly concludes that Silva's claims are precluded under the *Younger* abstention doctrine.**

The Court reviews *de novo* Plaintiffs' objection that the *Younger* abstention doctrine bars Silva's claims for injunctive relief. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiffs contend the *Younger* abstention doctrine does not apply because "Silva's state appeal, taken to Appellate Division, was involuntarily dismissed by Appellate Term on October 15, 2019. Then the dismissal was vacated by Appellate Term on December 13, 2019, and abandoned at that time." (Plaintiffs' Objections to the Report ("Plaintiffs' Objections"), DE [90] at 8.) The Court disagrees.

"[T]he considerations of comity and federalism which underlie Younger permit no truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 610 (1975). Abandoning a seemingly "fruitless" appeal does not equate to "exhausting . . . state appellate remedies." *Id*. Plaintiffs may choose to ignore the proposed path to a remedy provided by the Appellate Term in an order dated December 13, 2019 but doing so does not affect the result here—*Younger* abstention applies.

Plaintiffs further argue that the Report "erred in failing to find the bad faith exception [to the *Younger* abstention doctrine] was not met[.]" (Plaintiffs' Objections at 8.) Plaintiffs point to the alleged "pattern of prosecution of Plaintiffs in violation of Defendants own policy CP-42,

3

misrepresenting the conservation status of glass eels, and internal emails showing racial profiling." (*Id*.) Upon *de novo* review of the Report and consideration of the parties' respective objections and responses thereto, the Plaintiffs' objections are overruled. This Court agrees with the Magistrate Judge that Plaintiffs have not put forward sufficient evidence to establish "that the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman*, 420 U.S. at 611. The Report is adopted insofar as it finds that the Court lacks subject matter jurisdiction under *Younger* to enjoin Silva's criminal prosecution.

### B. The *Ex Parte Young* exception to the Eleventh Amendment does not apply.

Plaintiffs object to the Magistrate Judge's finding that the claims against the State Defendants are barred by the Eleventh Amendment to the Constitution and that the *Ex Parte Young* exception does not apply. (Plaintiffs' Objections at 7-8.) Plaintiffs' objections state that: 1) "[t]he Report wrongly determined Plaintiffs are . . . not seeking protection of a "use right"", 2) "the Report unhinged the plain and explicit language of the relief sought in Plaintiffs' complaint... without drawing on any supporting facts from Dr. Strong's reports . . . and then misapplied the law", 3) "Plaintiffs' fishing use right case is supported by language in Colonial Deeds and other documents cited by Dr. Strong", and 4) that the Magistrate Judge misapplied or failed to apply Supreme Court precedent on which Plaintiffs rely. (*Id*. at 7-8.)

The above objections are conclusory, general objections that "attempt to engage [this Court] in a rehashing of the same arguments set forth in the original papers." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Accepting and reviewing objections of this kind *de novo* "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Id*. at *1 (citations and internal quotations marks omitted).

4

Accordingly, Plaintiffs objections as to the applicability of the *Ex Parte Young* exception are reviewed for clear error.

The Magistrate Judge correctly and thoroughly articulated in the Report the flaws with Plaintiffs' position: namely, that Plaintiffs in reality seek a declaration from this Court that New York's exercise of fee title remains subject to Plaintiffs' and their tribes' right of use. Having found no clear error on the record, the Report is adopted insofar as it finds that the *Ex Parte Young* exception to the Eleventh Amendment sovereign immunity does not apply to Plaintiffs' claims against the NYSDEC or Farrish, Laczi, and Seggos in their official capacity.

### C. Gerrod and Jonathan lack standing.

The Report concludes that Plaintiffs lack standing to bring claims for injunctive and declaratory relief. Plaintiffs object as follows: "[T]he Report overlooks vital evidence regarding Defendants unmistakable intent to injure Plaintiffs." (Plaintiffs Objections at 10.) Upon *de novo* review and viewing the evidence in the light most favorable to Plaintiffs, the objection is overruled. This Court is not persuaded by Plaintiffs' claims that the email exchange between NYSDEC employees concerning a New York Times article in any way evidences bad faith by Defendants. (DE [84-12] at 182.) To the contrary, the emails demonstrate that the DEC was enforcing regulations which it thought applied to all New Yorkers, "native or not", and thus, evidence that the DEC was not acting in bad faith. (*Id.*)

Nor does the holding in *Unkechaug Indian Nation v. N.Y.S. Dep't of Envtl. Conservation*, No. 18-CV-1132, 2019 WL 1872952, at *1 (E.D.N.Y. Apr. 23, 2019) change the result of the Report. As the Report correctly concludes, *Unkechaug* is distinguishable because it involves plaintiffs who had an "articulated ... concrete plan" and a reasonable expectancy of prosecution in

5

the future. (*Id*. at 6.) Plaintiffs have not articulated such a plan, here. The Court finds that Plaintiffs lack standing to bring claims for injunctive and declaratory relief.

As to Plaintiffs' proposed exhibits (DE [86]), the Report correctly concludes that the January 22, 2020 press release and the map depicting St. Regis Mohawk Tribe's territory are not relevant. Plaintiffs' request to file same is denied.

All remaining objections[2] to the Report are perfunctory in nature and reiterate arguments made in opposition to Defendants' motions for summary judgment, and thus, are reviewed for clear error. Having found no clear error on the record, the Report of United States Magistrate Judge Steven I. Locke dated May 27, 2020, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety.

---

[2] Namely, that: (1) Plaintiffs' 42 U.S.C. §§ 1981 and 1982 claims against Farrish, Laczi, and Seggos in their individual capacities are foreclosed by the doctrine of absolute prosecutorial immunity, (2) the SCDA does not have a legal identity separate and apart from the municipality, (3) Plaintiffs' claims against Greenwood are barred by absolute prosecutorial immunity, *Younger* abstention doctrine, and lack of standing, and (4) Plaintiffs' claims against Greenwood are construed as against the state and fail under *Younger* and for lack of standing.

Accordingly,

**It is** on this **16th day** of **February 2021**,

> **ORDERED** that the Report is adopted it its entirety and Plaintiffs' objections to the Report are **OVERRULED**;

> **ORDERED** that Defendants' motions (DE 83, 84) for Summary Judgement are **GRANTED**;

> **ORDERED** that Plaintiffs' motion to file additional exhibits is **DENIED**;

> **ORDERED** that the Clerk of the Court is directed to close this case.

      **SO ORDERED**.

*/s/ Sandra J. Feuerstein*
Sandra J. Feuerstein U.S.D.J.
United States District Judge