UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID T. SILVA, GERROD T. SMITH, AND
JONATHAN K. SMITH, Members of the Shinnecock
Indian Nation,

                                  Plaintiffs,

   -against-

BRIAN FARRISH, JAMIE GREENWOOD,
EVAN LACZI, BASIL SEGGOS, NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, and SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE,

                                  Defendants.
------------------------------------------------------------X

FILED
CLERK

11/12/2025 3:21 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF
DECISION AND ORDER**

Civil Action
No. 18-3648 (GRB) (SIL)

**GARY R. BROWN, United States District Judge**:

      Before this Court is a motion for reconsideration by Plaintiffs David Silva, Gerrod Smith, and Jonathan Smith. Docket Entry ("DE") 168-1. In a Memorandum of Decision & Order dated October 3rd, 2025, the Court granted summary judgment for Defendants Basil Seggos, Brian Farrish, and Evan Laczi. DE 163.

      While Plaintiffs boldly assert that "this Court wholly mischaracterized Plaintiffs' remaining claim for relief as a challenge to New York State's American eel regulations," it is actually Plaintiffs who are mischaracterizing this Court's determination and their own claim. DE 168-1 at 5. In their Complaint Plaintiffs sought declaratory and injunctive relief "arising from a pattern of criminal prosecutions by the Defendants against the Plaintiffs" by "interfering with Plaintiffs' un-relinquished aboriginal and retained rights to fish in the waters of Shinnecock Bay." DE 1 ¶ 1. Plaintiffs further complained that "the Defendants have ticketed, seized fish

1

and fishing equipment, and prosecuted the Plaintiffs for alleged criminal offenses in alleged violation of New York State law involving fishing … in Shinnecock Bay and its estuary waters …" *Id.* ¶ 16.  Given that Plaintiff Silva was convicted in state court for eel fishing without a commercial license, *see* DE 126-1 ¶ 37, the state's regulations designed to protect American eels were directly at issue.

Plaintiffs' motion for reconsideration fails because they cannot "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court*." Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. Ap's 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  The Court has nothing to add beyond its reasoning in the October 3rd Order.  Absent binding precedent, the Court found the respective opinions by Judges Kuntz and Bianco to be highly persuasive.  Plaintiffs fail to mention that *New York v. Shinnecock Indian Nation*, 523 F. Supp. 2d 185 (E.D.N.Y. 2007) was vacated *on other grounds*.  Compare DE 168-1 at 13 ("The Court's reliance on then-Judge Bianco's vacated decision in *Shinnecock Indian Nation* as 'highly persuasive' authority … merits reconsideration.").

Plaintiffs' attempts to relitigate this case bring to mind an old adage every law student has heard: "If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table."  Regardless of how loudly Plaintiffs pound the table, their arguments lack merit.

Accordingly, Plaintiffs' motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: November 12, 2025
Central Islip, New York

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

2